CANNON PORTER, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Where the charge upon which a defendant has been convicted does not constitute an offense within the jurisdiction of the court to try, the defendant may in habeas corpus proceedings be discharged from the sentence; but if the defendant is also in custody under a valid warrant for his arrest, he may be held for commitment, or bail or trial as the law directs.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted in the court of a Justice of the Peace in Jackson County upon a charge that he did "steal, take and carry away two hogs," the property of "named persons," contrary to the statute, etc. He was sentenced to pay a fine of $100.00, or to serve six months in the county jail at hard labor. A writ of habeas corpus was applied for upon

the ground that the petitioner was illegally held under the sentence because "neither the affidavit charging him with the offense, nor the evidence showed the value of the property so as to give to the said Justice of the Peace final jurisdiction of said cause." The order of the circuit court in the habeas corpus proceeding was that "after hearing the .evidence and the argument of the respective counsel————the said writ be and the same is hereby dismissed and the defendant is ordered held by the Sheriff." A writ of error was allowed by the Circuit Judge under the statute.

Section 22 of Article V of the Constitution as amended ordains that "The Justices of the Peace shall have jurisdiction, ———— in such criminal cases except felonies, as may be prescribed by law." Justices of the Peace have the power of committing magistrates in criminal cases. The Circuit Courts have jurisdiction of all criminal cases not cognizable by inferior courts. Sec. 11, Art. V.

Section 3898 of the General Statutes of 1906 provides that "In counties where there are no county courts or criminal courts of record Justices of the Peace shall have power to hold a court to try and determine all misdemeanors committed in their respective districts punishable by fine not exceeding five hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment."

Section 3302 of the General Statutes provides that "Whoever commits larceny by stealing any hog or hogs of less value than twenty dollars the property of another shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hun dred dollars, or by both such fine and imprisonment." In

Jackson County there is no county court or criminal court of record.

If the charge upon which the defendant was tried constituted no offense within the jurisdiction of the Justice of the Peace to try, the Justice of the Peace was without jurisdiction to impose the sentence under which the defendant petitioner is held in custody and he may be discharged on habeas corpus. See Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Ex parte Hays, 25 Fla. 279, 6 South. Rep. 64; Ex parte Knight, 52 Fla. 144, 41 South, Rep. 786.

Where a person is tried in a court of limited jurisdiction for a criminal offense, the charge should show that the offense alleged to have been committed was one within the jurisdiction of the court to try. In such a case where the charge fails to show that the court has jurisdiction of the offense alleged, such charge is fatally defective, and unless it appears by the record of the trial that the court did have jurisdiction of the offense, a judgment and sentence of conviction entered on the fatally defective charge will be void, and the defendant may be discharged on habeas corpus.

Unless the jurisdiction of the Justice of the Peace appears upon the record of his proceedings, the defendant may not be protected against another trial for the same offense. Inferences and presumptions in favor of the jurisdiction of the court may be indulged as to Circuit Courts of this State, but not as to the courts of Justices of the Peace, the former being courts of general jurisdiction, while the latter courts have only limited jurisdiction particularly defined.

In criminal prosecutions the jurisdiction of the court to try a cause is determined at least prima facie by the offense charged. McLean v. State, 23 Fla. 281, 2 South.

6—vol. 62

Rep. 5. Under the special statute defining the offense charged in this case it is peculiarly necessary to allege the value of the hogs stolen, in order to determine the jurisdiction of the trial court; for if the value of the hogs stolen is twenty dollars or more the Justice of the Peace has no jurisdiction to try the case and this particular statute is not applicable. The value of the hogs alleged to have been stolen does not appear in the record of the trial in the court of the Justice of the Peace, therefore it does not appear as it should that the Justice had jurisdiction of the offense for which the sentence was imposed in this case under the particular statute above quoted. As the jurisdiction of the trial court does not appear and cannot be presumed, the sentence does not protect the plaintiff in error from another conviction for the same offense, and the Justice of the Peace was not authorized to render it.

The order of the Circuit Judge is that the petitioner be held by the Sheriff. While the sentence of the Justice of the Peace may be void, he has power to try the case when it is shown to be within his jurisdiction, or upon appropriate proceedings to discharge the defendant or to admit him to bail or commit him for trial before the proper tribunal, and this may have been the purpose of the order of the Circuit Judge to which this writ of error was taken. A warrant issued by the Justice of the Peace on the affidavit charging the offense will authorize the holding of the petitioner for proper judicial action.

The sentence of the Justice of the Peace is void for apparent want of jurisdiction, but the petitioner will be taken by the Sheriff before the proper judicial tribunal for appropriate action under the law.

It is so ordered.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.