ALFRED MCDONALD AND ANCHOR DAMGUARD, *Plaintiffs in Error,* v. E. L. SMITH, SHERIFF, *Defendant in Error.*

HARRY SARGENT AND C. J. THORPE, *Plaintiffs in Error,* v. E. L. SMITH, SHERIFF, *Defendant in Error.*

Opinion Filed October 16, 1914.

1. A sentence of a court that is wholly unauthorized by law may be a nullity and as such may be collaterally assailed in habeas corpus proceedings.

2. There being no express or implied authority in the Criminal Court of Record to impose and enforce a sentence to "serve at hard labor on the county roads," such a sentence is void.

3. Where a judgment of a Criminal Court of Record is void, an affirmance of the judgment by the Circuit Court gives it no validity and it may be assailed in habeas corpus proceedings.

Writ of error to Circuit Court for Volusia County; James W. Perkins, Judge.

Judgment reversed.

*A. G. Hartridge,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiffs in error in each of the above styled causes were upon convictions in the Criminal Court of Record for Volusia County for misdemeanors severally sentenced to "serve at hard labor on the county roads of Volusia County for a period of seventy-five days." The sentences were affirmed on writs of error by the Circuit Court.   On writs of habeas corpus to test the validity of the sentences the petitioners were remanded and were allowed writs of error to this court under the statute. The statute, Chapter 6312, Acts of 1911, under which the alleged offenses of illegal fishing were committed, being a special or local law does not prescribe the sentence to be imposed, but Chapter 6222, Acts of 1911, provides that "the punishment for commission of crimes other than felo-nies in this State, when not otherwise provided by Stat-ute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court."   The imprisonment authorized to be imposed by sentence is to the county jail, the disposition of such prisoners during the term of imprisonment being determined by statute.

A sentence of a court that is wholly unauthorized by law may be a nullity and as such may be collaterally assailed in habeas corpus proceedings. There being no express or implied authority in the Criminal Court of Record to impose and enforce a sentence to "serve at hard labor on the county roads," such a sentence is void. The sentence of the Criminal Court of Record being void, the affirmance of it by the Circuit Court gave it no validity.

The judgments remanding the petitioners to the custody of the Sheriff under the sentence of the Criminal Court of Record are reversed, and the causes are remanded to the Circuit Court with directions to make appropriate orders to secure the attendance of the petitioners for proper sentences in the Criminal Court of Record for Volusia County.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J. concur.

COCKRELL, J., absent by reason of illness in his family.