W. B. DOUGLASS, *Plaintiff in Error,* v. W. J. SHACKELFORD AS MARSHAL OF THE CITY OF LAKE CITY, FLORIDA, *Defendant in Error.*

Opinion Filed April 19, 1917.

Even though the sentence of a municipal court as rendered may be unenforceable, yet where there is a finding of guilt on the charge made and the Circuit Judge in habeas corpus proceedings had the power to remand the petitioner for a proper sentence, his judgment will be affirmed.

Writ of Error to Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*J. B. Hodges,* for Plaintiff in Error;

*A. B. & C. C. Small* and *Guy Gillen,* for Defendant in Error.

PER CURIAM.—It appears that based upon a charge of committing an offense against the peace of the city of Lake City, W. B. Douglass was tried by the municipal court on July 31, 1916, found guilty and adjudged to "pay a fine of $100.00 cash fine and $100.00 remitted on good behavior for one year, or be confined in the city jail for the period of 60 days at hard labor;" that a writ of error taken to the Circuit Court on August 29, 1916, was on October 23, 1916, dismissed on the ground that no judgment had been entered; that no mandate of the Circuit Court has been issued and filed in the lower court; that no commitment was issued from the municipal court; that the judgment of the municipal court was not signed till November 20, 1916.

On *habeas corpus* proceedings the Circuit Judge "ordered that petitioner be and he is hereby remanded to the custody of respondent, W. J. Shackelford, as Marshal of the City of Lake City, Florida, to be taken by him before the Mayor of said city for the purpose of allowing sentence to be passed and imposed upon him by the said Mayor of said City of Lake City, Florida, upon the trial and conviction of petitioner heretofore had before said Mayor; and it is further ordered that unless such sentence shall be imposed within ten days from the date

hereof, then petitioner shall be discharged." A writ of error was allowed and taken to this Court.

While the sentence of the municipal court as rendered may be unenforceable, yet there is a finding of guilt on the charge made and the Circuit Judge had the power to remand the petitioner for a proper sentence. Faison v. Vestal, City Marshal, 71 Fla. 562, 71 South. Rep. 759.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHIT-FIELD and ELLIS, JJ., concur.