LUKE  JOHNSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed June 4, 1921.

1. The Eighteenth Amendment, being the paramount law of the United States and of the States, on the subjects covered by it, supersedes or restrains the operation of all provisions of the Federal Constitution and of the amendments thereto, in so far as such provisions are in conflict with the commands of the latest amendment. All State laws, whether organic or statutory, that conflict with the Eighteenth Amendment are thereby rendered unenforceable.

2. Neither the Congress nor a State can confer a right that violates the commands of the Eighteenth Amendment. But the Congress and the several States have express "concurrent power to enforce" the amendment "by appropriate legislation."

3. In so far as State laws are appropriate to enforce the prohibitions  contained in the Eighteenth Amendment, they may be valid, though they differ from Federal enforcement laws as to procedure or penalties, for in enforcing the organic prohibitions the State and Federal powers are concurrent.

4. In the absence of an organic definition Congress has implied power to define the subject of a Federal organic prohibition or regulation; and the definition of "intoxicating liquors" enacted by Congress is dominant to make the prohibition of the Eighteenth Amendment uniformly effective wherever they are applicable.

5. In enforcing the organic prohibitions the Congress and the States may enact statutory regulations and prohibitions of the possession of intoxicating liquors for beverage purposes as a means to effectuate the main purpose. But such statutory prohibitions must conform to all applicable provisions of organic law.

6. The courts take judicial notice that whiskey is an intoxicating liquor, the possession of which is regulated by statute within organic limitations.

7. Where an illegal sentence is rendered upon a plea of guilty, and the defendant seeks relief in *habeas corpus* proceedings, the petitioner may be remanded for a proper sentence, if the plea of guilty is predicated upon a sufficient charge under a valid statute.

A Writ of Error to the Circuit Court for Alachua County; B. A. Thrasher, Judge.

Judgment reversed with directions to remand the petitioner for appropriate proceedings.

*Thomas W. Fielding* and *Evans Haile,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *W. W. Trammell,* Assistant, for the State.

WHITFIELD, J.—In habeas corpus proceedings Luke Johnson was remanded to custody under a sentence of conviction upon a charge that on July 17, 1920, in Alachua County, Florida, he had "in his possession, custody and control at his residence, two gallons of moonshine whiskey, which said moonshine whiskey was alcoholic and intoxicating liquor or beverage;" and that on said date and in said county, he had "in his possession, custody and control at his pool room or place of business two gallons of intoxicating liquors, to-wit: two gallons of moonshine whiskey, the same being intoxicating liquor," contrary to the statute, etc., the judgment being that "the defendant having been arraigned and plead guilty to having in his possession two gallons moonshine whiskey

at his place of business and two gallons moonshine whiskey at his residence; it is considered, ordered and adjudged that the defendant, Luke Johnson, be confined in the county jail for the term of six months at hard labor." A writ of error was allowed and taken under the statute, to the judgment remanding the petitioner to the custody of the sheriff. Sec. 2257, Gen. Stats. 1906; 77 Fla. 432, 81 South. Rep. 529.

The State Constitution and statutes on the particular subject, both of which became effective January 1, 1919, are as follows:

Amended Article XIX of the State Constitution, which was adopted at the general election in November, 1918, is as follows:

"Article XIX, Section 1. The manufacture, sale, barter or exchange of all alcoholic or intoxicating liquors and beverages, whether spirituous, vinous or malt, are hereby forever prohibited in the State of Florida, except alcohol for medical, scientific or mechanical purposes, and wine for sacramental purposes; the sale of which alcohol and wine for the purposes aforesaid, shall be regulated by law.

"Sec. 2. The Legislature shall enact suitable laws for the enforcement of the provisions of this Article.

"Sec. 3. This Article shall go into effect on the first day of January, A. D. 1919."

Chapter 7736, Laws of Florida, is entitled "An Act to make effective the Nineteenth Article of the Constitution of this State, as amended at the General Election held November fifth, nineteen hundred and eighteen, *and* to prohibit the manufacture, sale, barter or exchange, the

transportation into this State, or from one point to another point within this State, and the possession of alcoholic or other intoxicating liquors or beverages," etc., including many other more or less germane subdivisions of the main subject.

This statute was approved December 7, 1918, to become effective January 1, 1919, and, as amended by Chapter 7890, Acts of 1919, penalizing severally the manufacture, sale, barter, exchange and transportation of intoxicating liquors, and in terms makes it "unlawful for any person * * * to have in his * * * possession, custody or control, in this State, any alcoholic or intoxicating liquors or beverages, except" * * * that "nothing contained in this Act shall be construed to make it unlawful for any person over the age of twenty-one years to possess, have in his custody, or control, in such person's *bona fide* residence for the personal use of himself or herself and family, and not to be disposed of to any other person in any way, not exceeding four quarts of distilled alcoholic or intoxicating liquors or beverages and twenty quarts of malt or fermented alcoholic or intoxicating liquors or beverages, either or both; provided, however, that such person obtained and had in his possession said liquors before this Act became a law, but this shall not be construed to permit any person to possess, have in custody or control more than the maximum quantity of the particular class of liquors herein mentioned." See Chap. 7736 and Chap. 7890.

It is also provided "that all drinks, beverages or alcoholic liquors, for beverage purposes, containing one-half of one per centum of alcohol, or more, by volume, at sixty degrees Fahrenheit; and all intoxicating liquors and beverages, whether spirituous, vinous or malt, shall be

deemed and held to be within the prohibitions of this Act."

Punishments are prescribed for violations of the different provisions of the statute. See Secs. 3, 5, 7 and 18, Chap. 7736, Acts of 1918, and Chap. 7890, Acts of 1919.

The Eighteenth Amendment of the Federal Constitution and the Volstead Act of Congress, both of which took effect January 1, 1920, contain the following:

## "XVIII AMENDMENT.

"Section 1. After one year from the ratification of this Article the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several States shall have concurrent power to enforce this Article by appropriate legislation."

The Volstead Act provides that "the phrase intoxicating liquors shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids, and compounds, whether medicated, proprietary, or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume which are kept for use for beverage purposes." It also provides that "no person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess

any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end that the use of intoxiacting liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided, * * *." "After January 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used." Secs. 1, 3 and 33, Volstead Act of Congress, October 28, 1919.

The Federal Act also states that certain of its provisions, including the above quotations, "shall take effect and be in force from and after the date when the Eighteenth Amendment of the Constitution of the United

States goes into effect. See Sec. 21, Title III, of the Volstead Act of October 28, 1919. The penalty prescribed by the Federal statute for unlawful possession of intoxicating liquors is forfeiture of the liquors, etc. Sec. 26, Volstead Act.

The penalty prescribed by the State law for the unlawful possession of intoxicating liquors is a fine not exceeding $500.00 or imprisonment in the county jail not exceeding six months, or both such fine and imprisonment. Sec. 18, Chap. 7736, Acts of 1919.

It is argued that no court of the State of Florida has jurisdiction of the offense charged, because the Eighteenth Amendment to the Federal Constitution and the Volstead Prohibition Enforcement Act of Congress, both of which became effective on January 16, 1920, supersede all State laws then existing, and no State laws have since then been enacted under the concurrent power of the State to enforce the Eighteenth Amendment; and because if the pre-existing State laws are of any validity, they conflict with the Volstead Enforcement Act of Congress, and under Article VI of the Federal Constitution, the Federal Act is the supreme law on the subject.

The Eighteenth Amendment, being the paramount law of the United States and of the States on the subjects covered by it, supersedes or restrains the operation of all provisions of the Federal Constitution and of the amendments thereto, in so far as such provisions are in conflict with the commands of the latest amendment. All State laws, whether organic or statutory, that conflict with the Eighteenth Amendment are thereby rendered unenforceable.

Neither the Congress nor a State can confer a right

that violates the commands of the Eighteenth Amendment. But the Congress and the several States have express "concurrent power to enforce" the amendment "by appropriate legislation." In so far as State laws are appropriate to enforce the prohibitions contained in the Eighteenth Amendment, they may be valid though they differ from Federal enforcement laws as to procedure or penalties, for in enforcing the organic prohibitions, the State and Federal powers are concurrent. The Eighteenth Amendment contemplates that the prohibitions it commands shall be enforced severally through existing appropriate laws, by either one of two sovereignties, each within its jurisdiction, acting through its legislative and executing departments. Burrows v. Moran, decided this term.

Differences between State and Federal enforcement statutes do not render either one invalid or inoperative when the differences do not bring into operation other provisions of the Federal Constitution that, consistently with the Eighteenth Amendment, make the Federal law dominant or exclude the Federal law because of the reserved powers of the State under the Tenth Amendment.

Specific organic prohibitions constitute due process of law and are paramount in themselves over all conflicting provisions.

While the commands as to prohibitions and concurrent power to enforce the prohibitions contained in the Eighteenth Amendment, being paramount, are not subject to other provisions of organic law, yet all statutes, State or Federal, prescribing procedure and penalties to enforce the organic prohibitions, are subject not only to the paramount amendment, but also to all applicable provi-

sions of organic law that are not controlled in their opera-
tion by the commands of the Eighteenth Amendment.
Federal statutes as to enforcement procedure and penal-
ties should afford due process of law as required by the
Tenth Amendment and Federal statutory incidental pro-
hibitions in aid of the paramount prohibitions should not
unduly encroach on reserved State power under the Tenth
Amendment. State enforcement statutes should provide
for due process and equal protection of the laws; and
State statutory incidental prohibitions in aid of the
dominant prohibitions, should not deny due process or
equal protection of the laws, or abridge Federal privi-
leges or immunities in violation of the Fourteenth
Amendment, and should not unduly invade the domain
of the national power under the Federal Commerce
Clause, as to which, Acts of Congress are dominant under
Article VI, except as controlled by the Eighteenth Amend-
ment.

This necessarily authorizes the use of existing State laws
as well as existing State tribunals that are appropriate to
enforce the organic prohibitions. Differences in the pro-
visions of the State and Federal statutes that are appro-
priate to enforce the organic prohibitions are contem-
plated, since the enforcing sovereignties have separate
legislative and judicial systems; but all enforcement
statutes must conform to the Eighteenth Amendment and
also to other paramount law not in conflict with the
Eighteenth Amendment.

Express concurrent power in Congress and the States
to enforce the organic prohibitions of the manufacture,
sale or transportation of intoxicating liquors for bever-
age purposes, does not give *concurrent power* to enforce
*statutory* prohibitions of the possession of intoxicating

liquors, not unlawfully acquired or used, when, consistently with the Eighteenth Amendment, other provisions of the Federal Constitution operate to make the Federal statute dominant, as by protecting from abridgment by State statutes privileges or immunities of citizens of the United States expressly conferred by Congress within the Federal power and without violating the Eighteenth Amendment.

Since the Eighteenth Amendment extends the Federal power to the subject-matter, and does not forbid the possession of intoxicating liquors, unconnected with violations of the organic prohibitions, Congress may confer a right or privilege to possess intoxicating liquors for beverage purposes, where such liquors were legally acquired before the amendment became operative and are not used for unlawful purposes. And such rights conferred by Congress· upon citizens of the United States are protected by the Fourteenth Amendment from being abridged by State laws, the commands of the Eighteenth Amendment both as to prohibitions and as to concurrent power to enforce the organic prohibitions not being thereby violated.

The express concurrent power of "the Congress and the several States" "to enforce" the Eighteenth Amendment "by appropriate legislation" does not necessarily include concurrent power to define the subject-matter of the amendment. In the absence of an organic definition Congress has implied power to define the subject of a Federal organic prohibition, or regulation; and the definition of "intoxicating liquors" enacted by Congress is dominant to make the prohibtions of the Eighteenth Amendment uniformly effective wherever they are applicable. There is no material difference between the definition of "in-

toxicating liquors" enacted by Congress under the Eighteenth Amendment and the definition enacted by the State statute under the State organic provision on the subject.

In enforcing the organic prohibitions the Congress and the States may enact statutory regulations and prohibitions of the possession of intoxicating liquors for beverage purposes as a means to effectuate the main purpose. But such statutory prohibitions must conform to all applicable provisions of organic law. As the Eighteenth Amendment does not forbid possession of intoxicating liquors, unconnected with the dominant prohibitions, and as Congress may within the Federal power confer rights that may not be violated by State law, the Acts of Congress expressly permitting the possession of intoxicating liquors, when the Eighteenth Amendment is not thereby violated, may restrain the operation of State laws forbidding and penalizing the permitted possession, since the concurrent power of the State is to enforce the organic prohibitions not statutory prohibtions, at least when the State statute abridges rights conferred by an Act of Congress consistenly with the Eighteenth Amendment.

In so far as the Volstead Act permits possession by a person in his private dwelling only, for family purposes, it confers a privilege to so possess and an immunity from penalties for such possession when lawfully acquired and not connected with unlawful purposes, which the Fourteenth Amendment protects from abridgment by the State law as to citizens of the United States; and the equal protection of the laws of the Fourteenth Amendment renders inoperative as to all persons the provisions of the State law penalizing the possession by a person in his *bona fide* residence for family purposes, intoxicating

liquors in excess of four quarts, etc.  Hall v. Moran, decided this term.

Section 6, Chapter 7736, Acts of 1918, is as follows:

"That in any prosecution or other proceeding under any of the provisions of this Act, it shall not be necessary for the State or any officer, in pleading or by evidence, to negative the existence in point of fact any of the exceptions contained in Section Five hereof, but the existence of any such exceptions in point of fact shall be defensive matter in any such prosecution or other proceeding. And, in any such prosecution or other proceeding, it shall not be necessary for the State or any officer to allege or prove the particular name, kind, character or contents of any alcoholic or other intoxicating liquors or beverages, whether spirituous, vinous or malt, or other liquors or liquids, but it shall be sufficient to allege generally and to prove that the same is alcoholic or intoxicating liquors or beverages, or other liquors or liquids, within the prohibitions of this Act."

While it might not be unlawful under some circumstances for a person to have possession of intoxicating liquors at his place of business (See Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. Rep. 31, decided Nov. 8, 1920; Baender v. Barnett,   U. S.   , 41 Sup. Ct. Rep. 271), yet in this case the defendant pleaded guilty to a charge of possession at his place of business contrary to the Statute, and made no showing that such possession was not contrary to the Statute.  See Baender v. Barnett, U. S.   , 41 Sup. Ct. Rep. 271.

The courts take judicial notice that whiskey is an intoxicating liquor, the possession of which is regulated by statute.  Purcell v. State, 61 Fla. 43, 55 South. Rep.

847; Nussbaumer v. State, 54 Fla. 87, 44 South. Rep. 712; Caldwell v. State, 43 Fla. 545, 30 South. Rep. 814; Frese v. State, 23 Fla. 267, 2 South. Rep. 1; Sec. 6, Chap. 7736, Acts of 1918; Wood v. Whitaker, decided this term.

In Norwood v. State, decided at the last term, the evidence did not show that "buck" was intoxicating.

A proper sentence in this case is warranted by the plea of guilty of the charge of possession by the defendant of intoxicating liquors at his place of business contrary to the statute, if such possession is not shown to have been lawful. See Baender v. Barnett,   U. S.   , 41 Sup. Ct. Rep. 271; Hall v. Moran, decided this term.

The judgment and sentence of the county judge's court, predicated upon the plea of guilty, should have contained a definite adjudication of the defendant's conviction followed by the sentence which the law imposes. Harris v. State, 73 Fla. 527, 78 South. Rep. 526; Pensacola Lodge No. 497, B. P. O. E., v. State, 74 Fla. 498, 77 South. Rep. 613.

In the last cited case there was no adjudication of a conviction; nor was the judgment the one required by the statute to be rendered, therefore the writ of error was dismissed as not being supported by a sufficient final judgment. Here there is a defective sentence.

A majority of the court are of the opinion that the judgment in this case, as shown in the first part of this opinion, is defective in not specifically adjudicating the conviction of the defendant on his plea of guilty of the charge that he had "in his possession 2 gallons of moonshine whiskey at his place of business." The plea does not *expressly* confess *an unlawful* possession of moonshine whiskey. If the possession was in fact not unlaw-

ful, it may be duly shown; and an opportunity to do so should be afforded by the trial court before adjudicating a conviction and imposing a proper penalty. See Harris v. State, *supra*.

The Circuit Court should have remanded the petitioner for a proper judgment of conviction and sentence on the charge of possession of intoxicating liquor at his place of business contrary to the statute, if he does not duly show that the possession was not unlawful. See Ex Parte Simmons, 73 Fla. 998, 75 South. Rep. 542; Douglass v. Shackleford, 73 Fla. 889, 75 South. Rep. 213; Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; Baender v. Barnett, U. S. , 41 Sup. Ct. Rep. 271.

The judgment remanding the petitioner to the custody of the sheriff on a commitment issued under the sentence of the county judge, is reversed with directions to remand the petitioner for further appropriate proceedings by the county judge as indicated herein.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.