E. H. BLACKWELDER, *Plaintiff in Error*, v. LEE MORRIS, SHERIFF OF VOLUSIA COUNTY, FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed February 5, 1925.

1. Where a defendant has been found guilty of an offense upon a legally sufficient charge, and the sentence imposed is not authorized by law or is contrary to law, and the defendant seeks a discharge from custody in habeas corpus proceedings, he may be remanded for a legal and proper sentence.

2. Where the statute provides that upon conviction the defendant shall be adjudged to pay a fine "and also be imprisoned" &c., and the judgment of conviction imposes a fine only with a stated imprisonment for failure to pay the fine imposed, and the defendant having paid the fine, seeks a discharge from custody under a commitment requiring both fine and imprisonment, the court should remand the petitioner for a proper sentence under the statute requiring both a fine and imprisonment to be imposed.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Affirmed.

*Stewart & Stewart,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a final order in *habeas corpus* proceedings remanding the petitioner ''for the purpose of proper sentence in accordance with the provisions of law.''

It appears that the county judge rendered the following judgment:

''IN COUNTY JUDGE'S COURT, VOLUSIA COUNTY, FLORIDA.

State of Florida        Charge: Reckless operation of auto-
        vs.                  mobile while intoxicated.
E. H. Blackwelder.     Plea: Not Guilty.
                       Verdict: Guilty.

''You, E. H. Blackwelder, having entered a plea of not guilty of the offense of reckless operation of automobile while intoxicated, the court deems and adjudges you to be guilty of said offense.

''Comes now the defendant in person, whereupon it is considered and adjudged by the Court that you, E. H. Blackwelder, for the offense of which you have been and stand convicted, do pay a fine of Two Hundred Fifty Dollars, and the costs of prosecution now here taxed at Fifty and 27/100 Dollars, in default of which payment you be confined in the County Jail of Volusia County, at hard labor for a period of 3 months, sentence to begin from this date and additional 3 months on default of payment of fine and costs.

''Done and ordered in open Court this 25th day of August, A. D. 1923.

(OFFICIAL SEAL)        J. E. Peacock, County Judge.

''I, J. E. Peacock, County Judge in and for the County of Volusia and State of Florida, hereby certify that the within and foregoing is a true and correct copy of the original judgment in the case 'State of Florida vs. E. H. Black-

welder,' as the same appears on file in this office and of record in Criminal Docket Book, page 343.

"Witness my hand and seal of this court, this 16th day of June, A. D. 1924.

(SEAL)            J. E. Peacock, County Judge."

It also appears that the judgment for fine and costs was paid and that the petitioner is held in custody by the sheriff under the following issued as a commitment:

State of Florida         "In County Judge's Court,
   vs.                      Volusia County, Florida.
E. H. Blackwelder.    Charge: Operating automobile reck-
                          lessly while under the influence of
                          intoxicating liquor upon the high-
                          way and injuring the property of
                          another.
                      Plea: Not guilty.
                      Verdict: Guilty.

"You, E. H. Blackwelder, having been found guilty by a jury of your countrymen, of the offense of damaging the property of another while recklessly operating an automobile upon the public highways of the State of Florida, while in an intoxicated condition, the Court deems and dajudges you guilty of such offense.

"Comes now the defendant in person, whereupon it is considered and adjudged by the Court that you, E. H. Blackwelder, for the offense of which you have been and stand convicted, do pay a fine of two hundred fifty (250.00) dollars, and the costs of prosecution now here taxed at fifty and 27/100 dollars, and that you be confined in the County Jail of Volusia County, Florida, at hard labor, for a period of three months, sentence to begin from this date; and that in default of the payment of the fine and costs heretofore imposed, to-wit, the sum of $300.27, that you be confined in the County Jail of Volusia County,

Florida, at hard labor, for an additional period of three months, such sentence to begin at the expiration of the first sentence of imprisonment herein and heretofore imposed.

"Done and Ordered and adjudged in open Court this the 16th day of June, A. D. 1924.

(Signed)     J. E. Peacock,     (SEAL)

County Judge.' "

The statute under which the prosecution was had is as follows:

"It shall be unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquors to drive, operate or cause to be driven or operated on or over the highways or streets or thoroughfares of the State of Florida any automobile, truck or vehicle or motorcycle or any other vehicle propelled by gasoline, gas, vapor, electricity, steam or other power. Any person convicted of a violation of this section shall be punished as provided herein. If any person under the influence of intoxicants or in an intoxicated condition, while operating said vehicle, automobiles or other vehicles, mentioned in this section, has not by the reason of the driving of said vehicle caused any damage to the property or person of another he shall upon conviction be fined not less than one hundred dollars nor more than two hundred fifty dollars and costs, and in default of payment of fine and costs be imprisoned not less than thirty days nor more than sixty days, and his license shall be revoked for a period of six months. If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person or persons under the influence of intoxciating liquors by reason of the operation of any of said vehicles mentioned herein, he shall upon conviction be fined not more than five hundred dollars, and also be imprisoned not less than three months nor more than six months and his license shall be revoked for

a period of one year, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction, be punished as provided by existing law relating to manslaughter.

"Convictions under the provisions of this Act shall not be a bar to any civil suit for damages against the person so convicted.

"Sec. 2. This Act shall take effect on July 1, 1923. Approved June 7, 1923." Chap. 9269, Acts of 1923.

The latter part of the statute is apparently applicable to this case, and it is obvious that the mandatory requiremnet of the statute that the penalty "shall" be a fine "and also" imprisonment has not been complied with in the sentence imposed.

Where a defendant has been found guilty of an offense upon a legally sufficient charge, and the sentence imposed is not authorized by law or is contrary to law, and the defendant seeks a discharge from custody in *habeas corpus* proceedings, he may be remanded for a legal and proper sentence. See Ex Parte Simmons, 73 Fla. 998, 75 South. Rep. 542; Douglas v. Shackelford, 73 Fla. 889, 75 South. Rep. 203; Sargent v. Smith, 68 Fla. 77, 66 South. Rep. 430; Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; Johnson v. State, 81 Fla. 783, 89 South. Rep. 114; Porter v. State, 62 Fla. 79, 56 South. Rep. 406; State *ex rel.* Johnson v. Quigg, 83 Fla. 1, 90 South. Rep. 695.

As the statute was not complied with in rendering the judgment of conviction and sentence in that both a fine and imprisonment were not imposed, the sentence is contrary to law and the Circuit Judge properly remanded the petitioner for a legal sentence.

Affirmed.

TAYLOR, C. J., AND BROWNE AND TERRELL, J. J., concur.