*Ex Parte* CHARLES BROWNE, *alias* CHARLES PISELLIA, *alias* CHARLES PISELLI, *alias* CHARLES PISELLA, *alias* JOSEPH JOHN YOUNG.

### Division B.

### Opinion Filed Feburary 19, 1927.

1. Under the constitutional provision that "the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment," the repeal or amendment by subsequent legislation of a pre-existing criminal statute does not become effective either as a repeal or as an amendment of such pre-existing statute in so far as offenses are concerned that have been already committed prior to the taking effect of such repealing or amending law.

2. Where a person is held under a commitment issued on an unauthorized or invalid judgment and sentence, the legality of the detention in custody may be tested in *habeas corpus* proceedings; and if the judgment is found to be illegal the petitioner may be remanded for a proper sentence, there being no illegality in the proceedings prior to the judgment and sentence.

Petitioner remanded.

*Walter G. Walker*, for petitioner;

No appearance contra.

WHITFIELD, P. J.—In *habeas corpus* proceedings it is made to appear that Charles Brown, *alias* Charles Pisellia, *alias* Charles Piselli, *alias* Charles Pisella, *alias* Joseph John Young, was on November 23, 1923, indicted for a murder alleged to have been committed October 21, 1923. A judgment of conviction of murder in the first degree was reversed. Browne v. State, 88 Fla. 457, 102 South.

Rep. 546. A second conviction of murder in the first degree was affirmed. Browne v. State, 92 Fla. —, 109 South. Rep. 811. The sentence imposed by the judgment of conviction is death by electrocution, and the petitioner is held in custody at the State prison under such judgment.

Prior to January 1, 1924, the statutory death penalty was inflicted by hanging. Chapter 9169, Acts of 1923, provides that ''on and after January 1st, A. L. 1924, death by hanging as a means of punishment ·for crime in Florida is hereby abolished and electrocution, or death by electricity substituted therefor,'' with appropriate regulations.

Section 32, Article III of the State Constitution provides that ''The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment.''

' The effect of this constitutional provision is to give to all criminal legislation a prospective effectiveness, that is to say, the repeal or amendment by subsequent legislation of a pre-existing criminal statute does not become effective either as a repeal or as an amendment of such pre-existing statute in so far as offenses are concerned that have been already committed prior to the taking effect of such repealing or amending law. Raines v. State, 42 Fla. 141, 28 South. Rep. 57; Washington v. Dowling, — Fla. —, 109 South. Rep. 588.

As the crime in this case was committed in October, 1923, before Chapter 9169 became effective January 1, 1924, the sentence upon conviction of a capital offense should have been by hanging, therefore the judgment and sentence of death by electrocution was unauthorized. In affirming the judgment this question was not presented or considered.

Where a person is held under a commitment issued on an unauthorized or invalid judgment and sentence, the legality of the detention in custody may be tested in *habeas*

*corpus* proceedings, and if the judgment is found to be illegal the petitioner may be remanded for a proper sentence, there being no illegality in the proceedings prior to the judgment and sentence. Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; Ex parte Simmons, 73 Fla. 998, 75 South. Rep. 542; Douglas v. Shackelford, 73 Fla. 889, 75 South. Rep. 203; Johnson v. State, 81 Fla. 783, 89 South Rep. 114; State *ex rel.* Johnson v. Quigg, 83 Fla. 1, 90 South. Rep. 695; McDonald v. Smith, 68 Fla. 77, 66 South. Rep. 430; Porter v. State, 62 Fla. 79, 56 South. Rep. 406; Blackwelder v. Morris, 89 Fla. 87, 103 South. Rep. 124.

The sentence should have been death by hanging as provided by the statutes as of October, 1923, when the crime was committed, and not by electrocution under the statute that became effective January 1, 1924.

It is considered, ordered and adjudged that the petitioner be remanded to the custody of the Commissioner of Agriculture, who under the Constitution has supervision of the State prison, with directions that the petitioner be delivered to the Sheriff of Volusia County to be taken before the Circuit Court in due course for a proper sentence under the conviction of murder in the first degree.

It is so ordered.

TERRELL AND BUFORD, J. J., concur.

ELLIS C. J., AND STRUM AND BROWN, J. J., concur in the opinion.