ANGELO D'ALESSANDRO, *Plaintiff in Error*, v. FRANK B. TIPPINS, Sheriff, *Defendant in Error.*

En Banc.

Opinion filed November 5, 1929.

Petition for rehearing denied December 7, 1929.

*W. D. Bell,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant for the State.

ELLIS, J.—Angelo D'Alessandro on the 15th day of February, A. D., 1929, claiming to be unlawfully deprived of his liberty by the sheriff of Lee county, obtained a writ of *habeas corpus* from the circuit court of that county. On that date the sheriff produced the body of D'Alessandro and made return to the writ that he held him in his custody by virtue of a commitment issued by the clerk of the county court upon a judgment and sentence entered and imposed by the county judge. The return cited that a copy of the judgment was attached to the petition for the writ and was entered by virtue of an order signed by the judge of the Nineteenth Circuit for DeSoto County on January 19, 1927, and that a copy of such order was attached as Exhibit "B" to the return.

There is no such exhibit to the return, but the circuit court heard the cause upon the petition and return and remanded the petitioner to the custody of the sheriff. A writ of error being granted the cause is here.

The petition alleges that the petitioner was held under an "illegal commitment issued upon a void judgment in the county court of Lee county." The petition recites that a copy of the judgment is attached and marked Exhibit "A" and made a part of the petition. There is an uncertified copy of a judgment attached to the petition but it is not identified by any mark as the one referred to in the petition. There is a stipulation between the attorneys waiving "objection to the absence of certificate to the copies of judgments and to the commitment attached to the petition" and as to some other matters, but the stipulation does not cover the point that the uncertified copy of the judgment attached is the one referred to in the petition as a "void judgment in the county court for Lee county." Nor is there any way for determining that the judge of the circuit court had the judgment before him of which the document

appearing in the record purports to be a copy when he entered the order remanding the petitioner to the custody of the sheriff.

Whether the presumption of correctness which exists in favor of the judgment may be overcome by the unsatisfactory condition of the record presented here is doubtful even in view of the clerk's certificate to the record which recites that the pages embracing the document contain a "correct transcript of the record of the judgment" in the *habeas corpus* case.

Now the judgment, which is referred to as a void judgment, is as follows:

> " 'A jury having found you guilty, the court adjudged you to be guilty and it is the sentence of the law and the judgment of this court that you, Angelo D'Allessandro, for your said offense be imprisoned for a period of five months in the county jail at hard labor, and in addition thereto that you do pay a fine of Five Hundred ($500.00) Dollars, and the costs of the court, and in default of the payment of said fine and costs, that you do be imprisoned an additional six months in the county jail at hard labor.'
>
> "Done and ordered in open court on this the 25th day of January, A. D. 1927.
>
> "N. G. STOUT, Judge."

There are certain recitations contained in the document to the effect that D'Alessandro was arraigned and entered a plea of not guilty on the charge of unlawful possession of intoxicating liquors; that he was tried by a jury, found guilty and sentenced on the 24th day of May, 1926, by the "judge of said court and a judgment therein rendered." That on the 16th day of June, 1926, D'Alessandro appealed said cause to the Circuit Court for Lee County and the

judgment was affirmed and pursuant to the mandate of the circuit court a commitment was issued and petitioner began serving the sentence on December 10, 1926, and continued serving until January 8, 1927, on which date he obtained a writ of *habeas corpus* from the judge of the Nineteenth judicial circuit and upon the hearing of January 19, 1927, the judge "did remand back to this court the said matter on account of certain errors in the judgment and sentence in order that the said defendant be resentenced on the verdict according to law."

Then follows the judgment, referred to above, which was attached by the petitioner in the *habeas corpus* proceedings of February 15, 1929, in which the judgment remanding the petitioner was entered to which the writ of error was directed.

It is contended that as the judge of the Nineteenth circuit had held that the original judgment, from which an appeal was taken and affirmed by the judge of the Twelfth circuit, was void, that the judgment entered on the 25th day of January, 1927, was void because the court had lost jurisdiction of the cause inasmuch as the petitioner had begun on December 10, 1926, to serve the sentence imposed originally which had been affirmed by the judge of the Twelfth circuit.

To restate the case more succinctly: the petitioner was sentenced originally May 24, 1926. In June, 1926, he appealed to the Circuit Court for the Twelfth Circuit and the judgment was affirmed November 29, 1926. A commitment was then issued and on December 10, 1926, the petitioner began serving his sentence. On the 8th day of January, 1927, he attacked the judgment by writ of *habeas corpus* and on January 19, 1927, the judge of the Nineteenth circuit, before whom the petition was lodged, remanded the petitioner for resentence because, as the judgment entered

by him recites, the original judgment was null and void. On the 25th day of January, 1927, the judge of the county court entered the judgment which is attacked by the petition for a writ of habeas corpus filed before the judge of the Twelfth circuit on the 15th day of February, 1929, in which the order remanding the petitioner was made to which the writ of error in this case was taken.

The record furnishes no copy of the charge upon which the petitioner was tried and convicted in the County Court for Lee County, but the judgment of January 25, 1927, recites that he was "found guilty of the offense of the unlawful possession of intoxicating liquors and was duly sentenced" and a judgment therein rendered.

There is no copy of that judgment in the record. The judge of the Nineteenth circuit before whom the first petition for writ of *habeas corpus* was lodged remanded the petitioner for "the entry of a judgment and sentence as the law requires" but the petitioner had then served one month approximately. The county judge then entered a judgment in accordance with the order.

The record does not disclose whether the petitioner was in custody serving his sentence during the period which elapsed between January 8, 1927, and the 15th day of February, 1929, when he applied for the second writ of *habeas corpus* or whether he was at liberty during all of that period.

If he was at liberty it appears that he seeks to avoid the consequences of a conviction for the violation of a criminal law by serving one month of a possible eleven months' sentence to hard labor after unsuccessfully attacking the judgment entered by an appeal to the circuit court and later obtaining by a *habeas corpus* proceeding a correction of the phraseology of that judgment.

According to the record, the judgment entered on the

25th day of January, 1927, pursuant to the order of the judge of the Nineteenth circuit, was a mere correction of the judgment which had been originally entered by the county court.

The petitioner occupies two positions: first, he says that as the original sentence was valid the one entered in January, 1927, is void; second, he says that as by his *habeas corpus* proceedings before the judge of the Nineteenth circuit he established the invalidity of the first sentence he should be discharged because the court had no jurisdiction to amend that sentence after the term at which it was imposed and he had served part of it.

If the first sentence was valid he has only served part of the term of imprisonment imposed and he should be remanded to finish that part of the term remaining which he has not served. See State v. Horne, 52 Fla. 125, 42 So. R. 388.

If the first sentence contained clerical or formal errors the judgment as entered may at any time be corrected so as to speak the truth of what was in fact done by the court. See 19 Ency. Plead. & Prac. 495.

So far as the record discloses in this case, the verdict of the jury was correct and the only error which existed, if any at all, was in the judgment or sentence originally entered. The petitioner, after serving one month approximately of the term imposed by the sentence, complained of such error. There was no error therefore in the cause being remanded for a proper judgment or sentence upon the verdict. See Roberts v. State, 30 Fla. 82, 11 So. R. 536; Wallace v. State, 41 Fla. 547, 26 So. R. 713, 111 So. R. 518; 103 So. R. 124.

The judgment or sentence as corrected is valid. The petitioner having served one month approximately has only to serve for the remainder of the term imposed.

The judgment is affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.