ANGELO D'ALESSANDRO, *Plaintiff in Error*, vs. F. S. TIPPINS, SHERIFF, *Defendant in Error*.

137 So. 231.

En Banc.

Opinion filed June 9, 1931.

Petition for rehearing denied October 24, 1931.

*W. D. Bell*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

GRAY, CIRCUIT JUDGE.—The Plaintiff in Error, (hereinafter called petitioner) was tried by a jury and found guilty of the offense of unlawful possession of intoxicating liquors in the County Court of Lee County on the 24th day of May, 1926, and duly sentenced.

From the judgment of conviction in the County Court of Lee County an appeal was prosecuted to the Circuit Court of the 12th Judicial Circuit and the judgment of convic-

tion was affirmed in December, 1926. On the 10th day of December of the same year petitioner began serving the sentence imposed upon him and continued serving his sentence until the 8th day of January, 1927, when petitioner obtained a Writ of Habeas Corpus from the Judge of the 19th Judicial Circuit, and upon a hearing was remanded to the County Court of Lee County on account of certain errors and imperfections in the judgment and sentence.

In pursuance of the Order of the Judge of the 19th Judicial Circuit remanding petitioner, petitioner was resentenced on the 25th day of January, 1927.

On the 15th day of February, 1929, petitioner obtained another Writ of Habeas Corpus. This Writ from the Judge of the 12th Judicial Circuit. The petitioner was again remanded to the custody of the Sheriff of Lee County. Writ of Error was taken to this Court from the Order of the Judge of the Circuit Court remanding petitioner and the order of the Circuit Judge of the 12th Judicial Circuit was affirmed by this Court. In affirming the lower Court this Court said in the case of D'Alessandro vs. Tippins, Sheriff, 124 So. 455:

"So far as the record discloses in this case, the verdict of the jury was correct, and the only error which existed, if any at all, was in the judgment or sentence originally entered. The petitioner, after serving one month approximately of the term imposed by the sentence, complained of such error. There was no error therefore in the cause being remanded for a proper judgment or sentence upon the verdict. See Roberts v. State, 30 Fla.. 82, 11 So. 536; Wallace v. State, 41 Fla. 547, 26 So. 713; Ex Parte Browne, 93 Fla. 332, 111 So. 518; Blackwelder v. Morris, 89 Fla. 87, 103 So. 124.

"The Judgment or sentence as corrected is valid. The petitioner, having served one month approximately, has only to serve for the remainder of the term imposed."

The record in this case shows that the petitioner has been given every right afforded any man charged with a crime.

1st: He was tried by a jury.

2d: Three Writs of Habeas Corpus were granted him and two appeals to this Court.

The petitioner was remanded under a judgment declared valid by this Court, and there being no change in the cause of his detention, it is, therefore, apparent that Section 5443, Compiled General Laws of Florida, relating to the effect of a judgment in habeas corpus is applicable to this case.

Section 5443 provides that:

"The judgment entered of record shall be conclusive until reversed in the manner hereinafter provided for, and no person remanded by such judgment while the same continues in force shall be at liberty to obtain another habeas corpus for the same cause, or by any other proceeding to bring the same matter in question, except by a writ of error, or by action of false imprisonment."

The judgment of the lower court is affirmed.

Affirmed.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.