In Re: Petition of ANGELO D'ALLESANDRO.
143 So. 660.
Opinion filed September 14, 1932.

*W. D. Bell*, for Petitioner;
*Surrency & Keen*, contra.

TERRELL, J.—The petitioner by Habeas Corpus seeks relief from the following judgment:

"A jury having found you guilty, the Court adjudged you to be guilty and it is the sentence of the law and the judgment of the Court that you, Angelo D'Alessandro, for your said offense be imprisoned for a period of five months in the county jail at hard labor, and in addition thereto that you pay a fine of five hundred ($500.00) dollars, and the costs of the Court, and in default of the payment of said fine and costs, that you do be imprisoned an additional six months in the county jail at hard labor." (124 So. 455).

The petition discloses that the petitioner was convisted in the County Court of Lee County for having in his possession intoxicating liquors (first offense). The foregoing judgment which was reviewed by this Court in D'Allesandro vs. Tippins, 98 Fla. 853, 124 So. 455 and 102 Fla. 10, 137 So. 231, was imposed on him.

The County Judge is Judge of the County Court wherever established and its jurisdiction in Lee County, there being no criminal Court of Record in that County, extends to all misdemeanors. Section Eighteen, Article Five of the Constitution and Section 5985 Revised General Statutes of 1920 (Section 8278 Compiled General Laws of 1927).

Having in one's possession intoxicating liquors (first offense) is a misdemeanor punishable "by fine not exceeding five hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment." Section 5486 Revised General Statutes of 1920 (Section 7630 Compiled General Laws of 1927).

On authority of Lyle vs. Walter, 100 Fla. 1457, 131 So. 383, the additional six months imprisonment in the County jail for failure to pay the fine and imprisonment imposed in the first place was in excess of the jurisdiction of the judge of the County Court and was without

effect. For this reason the petitioner must be remanded for proper sentence. The judgment in Lyle vs. Walter was imposed by the County Judge but the penalty for the offense charged is the same whether imposed by the County Court or the County Judge's Court.

Petition remanded.