DREW, Chief Justice.
Petitioner applied for writ of habeas corpus on grounds that the judgment and two year sentence imposed upon him was void because imposed under Section 843.11, F.S.1951, F.S.A., whereas the information was drawn under Section 843.12, F.S.1951, F.S.A. The writ was issued.
Respondent has .filed a return asserting that the matters raised in this petition have been heretofore judicially determined by this Court on February 1, 1955, in a previous proceedings in habeas corpus.. In support thereof there.is attached to the return certified copies of notice for writ of habeas corpus and the order of denial entered by this Court. We are required to accept these allegations in the return as true “until impeached, and evidence is not needed to support an uncontroverted return.” Sullivan v. State, Fla. 1951; 49 So.2d 794, 797; Cooper v. Sinclair, Fla.1953, 66 So.2d 702, certiorari denied 346 U.S. 867; 74 S.Ct. 107, 98 L.Ed. 377.
The rule in this State is that denial of application for habeas corpus precludes a subsequent application for habeas corpus in' the same' cause on the same facts and issues. Section 79.10, F.S.1951, F.S.A.; Pope v. Mayo, Fla.1949, 39 So.2d 286; D’Alessandro v. Tippins, 102 Fla. 10, 137 So. 231. We have re-examined the -prior proceedings in habeas corpus and find that the same issues were there raised- and decided adversely to petitioner; Therefore,the petitioner is remanded.
H -W O .W p a p.. FJ O W M co J c 1 o h-1 a W r T: W 1-1 E-i < ¡3