PEARSON, Judge.
Lucile Aguilera was convicted in the Municipal Court of the City of Miami upon three charges. One of these was for the theft of certain merchandise from F. W. Woolworth Company in the City of Miami. The remaining two charged Aguilera with “disorderly conduct” on June 17, 1958 in that she, “Did then and there take possession or conceal property of another without the owner’s consent, or did have in her possession or control property of another knowing that the owner had not consented thereto, or did aid, assist or abet another person to do the aforesaid, * It was charged in one count of these two latter charges that certain articles possessed by Aguilera were the property of Bur-dine’s Federated Department Stores and in another count that certain of the articles were the property of Jordan Marsh Company.-. The record reveals without conflict that Aguilera was arrested in the City of Miami after having been observed in the act of shoplifting from the Woolworth store. The officers after making the arrest accompanied her to her home in the City of Coral Gables where, with her permission, they searched the premises and discovered the articles allegedly the property of Burdine’s and Jordan Marsh.
The judge of the municipal court found Aguilera guilty upon all three charges and sentenced her on the Woolworth charge to sixty days in jail and a fine of $500 in lieu of an additional sixty days; on the other two charges, the municipal judge sentenced her to an additional thirty days and an additional $250 in each case. Upon appeal the circuit judge affirmed the judgments of guilty but reduced the sentences to a fine of $25 or ten days in jail upon each charge.
It conclusively appears that Aguilera could not have been guilty of the charges of disturbing the peace of the City of Miami by the possession of property in her home in the City of Coral Gables. The Municipal Court of the City of Miami lacked the jurisdiction to try her for an offense allegedly committed outside its city boundaries. The circuit judge departed from the essential requirements of law when he affirmed the conviction upon charges .over which the municipal court had no jurisdiction. Section 168.01, Fla.Stat., F.S.A. Cf. Porter v. State, 62 Fla. 79, 56 So. 406, 407.
*423 In State v. Katz, Fla.App.1959, 108 So.2d 60, we held that the plain language of the Constitution prevents this court from entertaining a second appeal in causes where the circuit courts are granted final appellate jurisdiction. In that same opinion it was pointed out that the correction of a judgment void for lack of jurisdiction is one of the proper offices of a writ of certiorari.
The petition for certiorari is granted and that portion of the circuit court judgment of affirmance dealing with the affirmance of the municipal court judgment on the two charges of disorderly conduct is quashed. The cause is remanded to the circuit court for entry of a judgment consistent with the views herein expressed and affirming the judgment of guilty on the theft (Woolworth) charge.
' It is so ordered.
HORTON, C. J., and CARROLL, CHAS., J., concur.