PER CURIAM.
In his petition for writ of habeas corpus Ronald Wayne Harris asserted that although he was a minor his parents had not been notified, prior to his trial, of the charges against him, as required by § 932.-38, F.S.A.
Thereupon we issued a rule nisi commanding the respondent to show cause why the writ of habeas corpus should not issue.
Respondent has filed his return in which he shows that the petitioner was lawfully married on October 5, 1957 in Hagerstown, Maryland, and in support thereof attached a report of the Chief of Statistical Research and Records, Department of Health, State of Maryland, certifying that such a marriage by petitioner did occur.
Petitioner has not filed a traverse to the respondent’s return. The allegations thereof will be taken as true. Moat v. Mayo, Fla.1955, 82 So.2d 591.
Section 932.38, F.S.A. requires notification of the parents, or guardian, of criminal charges against a minor only when the minor is not married.
Even if the petitioner was not now married, he would not be entitled to the benefits of the cited statute, since dissolution of the marriage, by divorce or annulment, would not reestablish the rights conferred thereby to minor's “not married.” *466 Milligan v. State, 1933, 109 Fla. 219, 147 So. 260.
It therefore appears that the petitioner is not entitled to have the writ of habeas corpus issued. The rule nisi is quashed and the petition for writ of habeas corpus is denied.
THOMAS, C. . J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.