572 So.2d 1029 (1991)
Willie J. DRUMWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-303.
District Court of Appeal of Florida, Fifth District.
January 17, 1991.
*1030 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Willie J. Drumwright was convicted of possession and delivery of cocaine. On June 9, 1989 the trial court sentenced him as an habitual offender and announced a sentence of 30 years. Through a clerical error the judgment reflected a sentence of 30 months without the designation of habitual offender.
Drumwright went off to prison. He appealed, but on reflection, dismissed his appeal and was released less than 6 months later credited with serving his 30 month sentence. His presence back in the community was brought to the court's attention. The court reviewed the file, discovered the clerical error and corrected the judgment "reaffirming" the original sentence of 30 years. Drumwright was again brought before the court and recommitted under the corrected judgment.
Drumwright appeals, claiming that he has been twice sentenced for the same offense in violation of the double jeopardy provisions of both the state and federal constitutions. In addition, even if the present sentence is lawful, he contends the court failed to credit him for all time served. We affirm the new sentence but agree that he is entitled to his claimed credit for additional "time served."

DOUBLE JEOPARDY
The double jeopardy prohibition was designed to protect against more than one trial and possible conviction for an alleged offense. The underlying idea was to prevent repeated attempts by the State to convict. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The Supreme Court has identified three separate double jeopardy protections: protection against a second prosecution after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
In this case the court did not enter a new (additional) sentence but merely reinstated the sentence originally given. At Drumwright's recommitment, the court stated:
The purpose of this hearing today is a reaffirmation of sentence, and I don't know how to make it any clearer. It's not a resentencing because a resentencing would be inappropriate. It appears that on the original sentencing which was done on June 9, 1989, as announced in open court with a copy of the sentencing appearing in the court record, that Mr. Drumwright was sentenced, at that time, to 30 years in the Department of Corrections with credit for time served. He was also designated a habitual offender because it was a habitual offender sentencing. Through clerical error, at *1031 that time, he was sentenced to 30 months in the Department of Corrections on CR 88-11163. That was brought to my attention. Amended Judgment and sentences were done on December 13, 1989 to correct the clerical error pursuant to Florida Rules of Criminal Procedure.
It is axiomatic that oral pronouncements control over clerical errors. Venuti v. State, 437 So.2d 238 (Fla. 5th DCA 1983). The court has the authority to correct its judgment. Mims v. State, 569 So.2d 864 (Fla. 5th DCA 1990). An order is rendered, valid and binding, when orally given. Briseno v. Perry, 417 So.2d 813 (Fla. 5th DCA 1982), rev. denied, 427 So.2d 736 (1983). It may be corrected at any time to reflect what the court had, in fact, done. Luhrs v. State, 394 So.2d 137 (Fla. 5th DCA 1981)
Florida has long recognized a court's inherent power to correct clerical errors. In Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927) the defendant was convicted of breaking and entering. At the hearing on his motion for new trial, defense counsel asked how long he had to prepare the bill of exceptions. The trial judge responded, "The usual time," and counsel inserted "90 days to file bill of exceptions" in the record adjacent to the court's order on the motion. Several weeks after the term expired the court denied a motion to correct record which was assigned as error on appeal. The supreme court stated:
The general rule is that formal and clerical amendments may be made at any time, but that substantial or judicial amendments or changes in a judgment cannot be made after the expiration of the term. If anything has been omitted from a judgment or order which is necessarily or properly a part of it, and which was intended and understood to be a part of it but failed to be incorporated in it through negligence or inadvertence of the court or the clerk, the omission may be supplied by an amendment or correction after the term. But if the proposed amendment is a mere afterthought, something not really intended at the time, and which formed no part of the judgment or order as originally intended and pronounced, it cannot after the expiration of the term be brought in by way of amendment nunc pro tunc or otherwise.
A similar issue was before the Florida Supreme Court in D'Alessandro v. Tippins, 98 Fla. 853, 124 So. 455 (1929). There the court stated:
If the first sentence contained clerical or formal errors, the judgment as entered may at any time be corrected so as to speak the truth of what was in fact done by the court. See 19 Ency. Plead. & Prac. 495.
So far as the record discloses in this case, the verdict of the jury was correct, and the only error which existed, if any at all, was in the judgment or sentence originally entered. The petitioner, after serving one month approximately of the term imposed by the sentence, complained of such error. There was no error therefore in the cause being remanded for a proper judgment or sentence upon the verdict. (Citations omitted.)
The judgment or sentence as corrected is valid. The petitioner, having served one month approximately, has only to serve for the remainder of the term imposed.
D'Alessandro at 456.
The court in Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986) also recognized the authority of a trial court to correct an erroneous judgment.
Since it is the original, valid sentence that is being enforced by the corrected judgment, no double jeopardy interests are involved.

ADDITIONAL CREDIT
Drumwright contends that he is entitled to credit for time served for the period from the time of his release until his recommitment. We agree. The sentence of a prisoner who is discharged without contributing fault continues to run while he is at liberty. White v. Pearlman, 42 F.2d 788 (10th Cir.1930). It appears, however, that by correcting the sentence nunc pro *1032 tunc, his time out of prison will be credited against his 30-year term.
Drumwright's challenge to the habitual criminal statute is without merit. King v. State, 557 So.2d 899 (Fla. 5th DCA) rev. denied, 564 So.2d 1086 (1990).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.