GEORGE E. FAISON, *Plaintiff in Error,* v. E. D. VESTAL, CITY MARSHAL, *Defendant in Error.*

Opinion filed April 25, 1916.

Where on habeas corpus proceedings it appears that the petitioner is held under a sentence that is illegal, the petitioner may be remanded for a proper sentence, he having his right to bail as the law provides pending the imposition of a legal sentence.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Dickenson & Dickenson* and *G. B. Wells,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Defendant in Error.

WHITFIELD, J.—The Circuit Judge issued a writ of habeas corpus upon a petition alleging that Faison was illegally detained in custody by Vestal, City Marshal of Plant City, under a conviction upon an affidavit charging that on stated days Faison "did sell intoxicating liquors, contrary to the city ordinances of said city," etc. It is further alleged that the ordinance is void, in that it illegally authorizes a double sentence of both fine and imprisonment.   As justifying the detention the marshal relied upon a mittimus reciting a violation of the ordinance making it unlawful "to directly or indirectly sell or offer for sale any intoxicating liquors, wines or beers or any spirituous, vinous or malt liquors of any kind whatsoever within the corporate limits of the City of Plant City, Florida," and imposing a penalty of "a fine of not less than fifty dollars ($50.00) or more than one hundred dollars ($100.00) or by imprisonment in the city jail for not less than ten (10) days or more than thirty (30) days, or by both such fine and imprisonment, in the discretion of the court, for the first offense and by a fine of not less than One Hundred Dollars ($100.00) or more than Five Hundred Dollars ($500.00) or by imprisonment in the city jail for not less than thirty (30) days or more than sixty (60) days or by both such fine and imprisonment in the discretion of the court, for each offense subsequent to the first offense." The mittimus requires the marshal to take and keep Faison

in his custody "subject to hard labor in the City of Plant City, Florida, for the full period of sixty (60) days."

The Circuit Judge held that the ordinance "authorizes imprisonment for not more than thirty days, or a fine of not more than one hundred dollars for the first offense which is the maximum penalty prescribed by law, and further finds that the respondent has no legal right or authority to confine the petitioner for a longer period than thirty days, which has not yet been fully served by the petitioner.

The Court further finds that the ordinance in question is not unconstitutional or void and not in conflict with the Municipal Charter of the City of Plant City, or the Constitution, or the laws of the State of Florida, and that a valid judgment may hereafter be entered imposing upon the petitioner a fine of not more than One Hundred Dollars or imprisonment for not more than thirty days, or both such fine and imprisonment in the discretion of the court.

It is thereupon Considered, Ordered, Adjudged and Decreed that the petition be denied and that the petitioner, George E. Faison, be, and he is hereby remanded to the custody of the respondent to serve such sentence as may be lawfully imposed upon him in conformity with and within the limitations of this order and decree."

A writ of error to this judgment was allowed by the Circuit Judge under the statute.

Section 14, Chapter 6389, Acts of 1911, the special charter act of the City of Plant City, Florida, authorizes the city to pass "all such ordinances as may be expedient and necessary for the preservation of the public peace and morals," etc., provided "that for no one offense made punishable by the ordinances and laws of the said city, shall a fine of more than five hundred dollars be as-

sessed, nor imprisonment for a period of time greater than sixty days." It does not appear that the ordinance conflicts with the local option laws of the State regulating the sale of intoxicating liquors, wines or beer. Assuming that the Circuit Judge correctly held the city could not legally "confine the petitioner for a longer period than thirty days," and assuming also as contended for the petitioner, but not deciding, that the portion of the sentence of the petitioner by the municipal court "to hard labor in the city," is not authorized, the petitioner is charged with a municipal offense and apparently has been convicted under such charge. If the sentence imposed be illegal, the petitioner is not thereby entitled to a discharge, but may be remanded for a proper sentence, he having his right to give bail as the law provides pending the imposition of a legal sentence. See McDonald v. Smith, 68 Fla. 77, 66 South. Rep. 430; Porter v. State, 62 Fla. 79, 56 South. Rep. 406. It does not appear that the ordinance as construed by the Circuit Judge is wholly void under the statute conferring powers upon the City of Plant City. A second offense is one offense though not the first offense; and a proper sentence may avoid questions as to the legality of a double sentence. The judgment entered by the Circuit Judge complies with the statutory provision that at the hearing the Court shall "either discharge him, admit him to bail or remand him to custody, as the law and the evidence shall require." Being "remanded * * * to serve such sentence as may be lawfully imposed upon him" is a remand to custody as the law and the evidence requires, and the petitioner is not thereby denied his right to bail under the law pending sentence.

If the petitioner has not been legally tried on the affidavits charging the offense, he may be so tried upon be-

ing remanded, and if he is not tried and sentenced or sentenced promptly he may exercise his right to give bail.

Judgment affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.