EX PARTE MOSE SIMMONS.

Opinion Filed May 5, 1917.

Under Section 3298, General Statutes, 1906, the trial court should by appropriate procedure adjudicate that the identical person sentenced thereunder had been convicted as stated in the section as a prerequisite to the greater punishment and that because thereof he is under the law adjudged and deemed to be a common and notorious thief, for which the greater sentence is imposed.

This is a case of original jurisdiction.

Remanded for proper sentence.

*C. C. Howell* and *O. O. McCollum*, for Petitioner;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, *contra*.

WHITFIELD, J.—A petition was presented to this court alleging in effect that Mose Simmons was convicted of grand larceny at the October Term, 1906, of the Criminal Court of Record for Duval County and sentenced to fifteen years imprisonment in the State prison to begin "after the expiration of the sentence in Case No. 159 of this Term;" that previously at the same term of the court one Mose Simmons was in Case No. 159 convicted of grand larceny and sentenced to one day's imprisonment in the State prison "after the expiration of the sentence in Case No. 158 of this Term;" that in Case No. 158 of said term one Mose Simmons was convicted of petit larceny and sentenced to one day in the county jail; that petitioner has served ten years of said sentence; that further detention is illegal in that the sentence to fifteen years' imprisonment is void as to the excess over five years for which petitioner may have been sentenced for grand larceny, the judgment and sentence to fifteen years' imprisonment not showing an adjudication under Section 3298 of the General Statutes of 1906, that the petitioner was convicted at the same term of court of two distinct larcenies, in which case the defendant may be imprisoned for not more than twenty years.

Under the circumstances shown a writ of habeas corpus was issued by this court. A return to the writ shows *inter alia* that the petitioner is held under the following sentence:

"It is considered by the Court that you, Mose Simmons, be taken by the Sheriff, or his lawful Deputy, to the State's Prison of the State of Florida, and there delivered to the principal keeper thereof, and there to be confined in said State Prison at hard labor for the period of Fifteen years after expiration of sentence in Case No. 159 of this term." Under the law the Commissioner of Agriculture has the custody of the persons who are sentenced to imprisonment in the State prison.

The petitioner moved for a discharge on the return.

Section 3298 of the General Statutes of 1906, Florida Compiled Laws, 1914, is as follows:

"3298. Whoever having been convicted either of the crime of larceny or of being accessory to the crime of larceny, afterwards commits the crime of larceny, or is accessory thereto before the fact, and is convicted thereof, and whoever is convicted at the same term of the court, either as a principal or accessory before the fact, of two distinct larcenies, shall be deemed a common and notorious thief, and shall be punished by imprisonment in the State prison not exceeding twenty years, or in the county jail not exceeding one year."

Under this section of the statute the trial court should have by appropriate procedure adjudicated that the identical person sentenced thereunder had been convicted as stated in the section as a prerequisite to the greater punishment and that because thereof he was under the law adjudged and deemed to be a common and notorious thief, for which the greater sentence was imposed.

The sentence under which the petitioner is held appears to have been rendered on the verdict for grand larceny. It does not contain an adjudication under Section 3298, General Statutes of 1906, that the petitioner had been convicted of two larcenies. It is therefore void as a

sentence in excess of the period for which the petitioner could lawfully be imprisoned on a single conviction for grand larceny: This appears to be a hard case; but on this proceeding the petitioner is not entitled to a discharge. There is a sufficient showing in the record that the trial court attempted and intended to sentence the petitioner pursuant to Section 3298, as he may have been authorized to do under the law, therefore the petitioner will be remanded to the custody of the Commissioner of Agriculture with directions that the petitioner be delivered to the Sheriff of Duval County, to be taken before the Criminal Court of Record for a proper sentence, if any should be imposed. See Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; Douglass v. Shackelford, decided at this term.

It is so ordered.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.