# DECISIONS

OF THE

# Supreme Court of Florida

## JANUARY TERM, A. D. 1922.

THE STATE OF FLORIDA, ex rel. HARCOURT JOHNSON, *Plaintiff in Error*, v. H. LESLIE QUIGG, AS CHIEF OF POLICE OF THE CITY OF MIAMI, FLORIDA, *Defendant in Error*.

Opinion Filed January 12, 1922.

1. Under Section 1, Article V, of the Constitution as amended in 1914, the Legislature has power to establish a juvenile court in one or all of the several counties of the State, and to confer upon such courts jurisdiction, powers and duties that do not conflict with other organic provisions.

2. It appears in this case that it was the duty of the municipal court of the City of Miami under Section 7, Chapter 8663, Acts of 1921, to transfer a charge made in that court against the petitioner who was under seventeen years of age, to the juvenile court of Dade County, and that imprisonment of petitioner under sentence of the municipal court is unlawful, and that on habeas corpus the petitioner should be ordered produced before the municipal court for appropriate proceedings under the law.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Reversed.

*G. C. McClure*, for Plaintiff in Error;

*Rose, Brown, Twymann & Scott*, for Defendant in Error.

WHITFIELD. J.—In habeas corpus proceedings instituted in the Circuit Court it appears that Harcourt Johnson, a minor under the age of seventeen years, was convicted of an offense in the municipal court of the City of Miami, and sentenced to imprisonment. He seeks release from custody on the ground that Chapter 8663, Acts of 1921, requried the municipal court to certify the charge against him to the Juvenile Court of Dade County for disposition in that court.

The Chief of Police in his return asserts the invalidity of Chapter 8663 upon the ground that the legislature had no power. to establish the Juvenile Court in Dade County. The court held Chapter 8663 to be unconstitutional, and remanded the petitioner. A writ of error was allowed and taken.

Section 1, Article V of the Constitution, as amended in 1914, is as follows: "The judicial power of the State shall be vested in a Supreme Court, Circuit Courts, Court of Record of Escambia County, Criminal Courts, County Courts, County Judges and Justices of the Peace and such other Courts or Commissions as the Legislature may from time to time ordain and establish. The Legislature may prescribe the compensation of the Justices and Judges of the several courts, but no court heretofore established under the Constitution and laws of Florida shall be hereby abolished."

Under this organic provision the Legislature has power to establish juvenile courts in one or all of the counties of the State, and to confer upon such courts jurisdiction, powers and duties that do not conflict with other organic provisions. The jurisdiction conferred upon the Juvenile Court of Dade County by Chapter 8663, Acts of 1921, is

not challenged if the court is legally established.  Whether particular provisions of Chapter 8663 not here involved are inoperative because in conflict with organic law, it is not necessary to discuss.

There is no contention that Section 7 of Chapter 8663 is not within the subject expressed in the title or matter properly connected therewith.

. Section 35, Article V, was amended in 1910.  Section 1, Article V, was amended in 1914.  The former should be applied in connection with the latter.  See Board of Public Instruction of Polk County v. Board of County Commissioners of Polk County, 58 Fla. 391, 50 South. Rep. 574.

On the showing here made it was the duty of the Municipal Court of Miami, under Section 7 of Chapter 8663, Acts of 1921, to transfer the charge against the petitioner to the Juvenile Court of Dade County, and imprisonment under a sentence of conviction in the Municipal Court is unlawful.  The order remanding the petitioner under the sentence of imprisonment is reversed and petitioner will be produced to the Municipal Court for appropriate proceedings.  See Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; Ex Parte Simmons, 73 Fla. 998, 75 South. Rep. 542; Douglas v. Shackelford, 73 Fla. 889, 75 South. Rep. 203; 81 Fla. 783, 89 South. Rep. 114.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.