CHARLEY PITTS, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

En Banc.

Opinion Filed December 16, 1924.

1. Section 6029, Revised General Statutes, 1920, is designed to
   insure notice to the parent or guardian 'or other relative or
   friend of a minor unmarried defendant before trial for the
   offense with which the minor is charged, and it does not
   require or authorize such parent or friend to take part in
   the trial 'or even require him to be present. Notice of-the
   charge before trial is all that is required.

2. If the purposé of Section 6029 is accomplished by actual
   notice to or knowledge of the father of the charge on which.
   his minor son will be tried, a formal service 'of such a
   notice may not be material or a prerequisite to the progress
   of the trial.

3. Where no harmful errors appear in the record a judgment
   of conviction will be affirmed.

A Writ of Error to the Circuit Court for Calhoun
County; Amos Lewis, Judge.

Judgment affirmed.

*H. H. Wells* and *Carter & Carter*, for Plaintiff in Error;

*Rivers Buford, Attorney General,* and *Marvin C. Mc-
Intosh, Assistant Attorney General,* for the State.

WHITFIELD, J.—Upon an indictment charging murder
in the first degree by fatally cutting Richard Wood with
a knife, Charley Pitts, a minor over eighteen years of age,
was convicted of murder in the first degree with a recom-

mendation for mercy, and sentenced to life imprisonment in the State Prison.

It appears that the deceased was fatally cut about nine o'clock at night, at the home of Jack Wood whose wife was the defendant's sister. The defendant was "staying there," and his mother and father were "spending the night" there.

A statute of the State provides: "That when any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this State, due notice of such charge prior to the trial thereof shall be given to the parents, or guardian of such minor, provided the name and address of such parent, or guardian, may be known to the Court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the Court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate. The service of notice required by this Section to be given to the parent, or guardian or other person provided herein may be made as the service of summons ad respondendum is made, or in the event such parent, or guardian or other person provided herein may be beyond the jurisdiction of the Court, then, and in that event, service may be made by registered mail, or by telegram, and return of such service shall be made by the executive officer of the Court in the same manner as returns are made upon summons ad respondendum." Sec. 6028, Revised General Statutes, 1920.

It is argued that a compliance with the statute is essential to the jurisdiction of the court to proceed with the trial and that a failure to comply with the statute at least abates the trial until the statute is obeyed. But the statute is designed to insure notice to the parent or guardian or

other relative or friend of a minor unmarried defendant before trial for the offense with which the minor is charged. It does not require or authorize such parent or friend to take part in the trial or even require him to be present. Notice of the charge before trial is all that is required.

At the trial counsel for the defendant asked the sheriff, his witness: ''Have you served notice upon anybody, either the parents or guardian of this defendant, giving them notice of the trial of this case?'' Counsel for the State objected to the question ''upon the ground it is immaterial and irrelevant.'' The objection was sustained. Defendant's counsel stated: ''We proffer to prove by this witness that he knew the names and residences of the defendant's father and that he served no notice on him as required by the provision of Section 6028, Revised General Statutes, notifying him of the nature of the charge and of the date of going to trial.''

An objection ''on the same ground'' was made for the State, which was sustained by the court. Exceptions were duly taken. The two rulings stated are the only errors argued on this writ of error. Prior to this the defendant had testified that: ''My father and mother were there when that boy was stabbed.'' ''The whole family began accusing me of it.'' ''All of them around there accused me of it.'' ''I told them I didn't do it.'' ''I stayed about five minutes after they accused me of killing this man.'' ''I come on up here and give up to the sheriff. I didn't come by myself—my father came with me.'' ''I have been in jail continuously since that night.''

While the trial court cannot legally disregard or ignore the statute, yet if the purpose of the statute is accomplished by actual notice to or knowledge of the father of the charge on which his son will be tried, a formal service of such

notice may not be material or a prerequisite to the progress of the trial. The statute does not require notice to the father of the date of the trial. This was no doubt the view of the trial court.

It is true the record does not show that the father knew of the indictment, but it does show that the father knew of the crime and of his surrender to the sheriff. It also appears that the defendant had been in jail since the night of the homicide. The statute fixed the terms of the court when trials are held; and as the father knew of the crime and knew his son was accused of it and of his son's surrender, he must also have known of his continued incarceration for the crime, and that a formal charge of homicide and trial thereon would follow in due course of law. While it is not held that either the father or the son waived the statutory notice to the father, yet when the father actually had the notice required by the statute to be given him, a formal compliance with the statute is not essential to a valid trial for the crime that is known to the father. The purpose of the statute having been accomplished by actual knowledge by the father of the crime for which his son was in the custody of the law, no possible harm could have resulted to the defendant from a failure to serve formal notice on the father of the charge against his son.

In Fitzgerald v. Commonwealth, 5 Allen (Mass.) 509, the proceeding was statutory against a juvenile offender to determine whether the minor under 16 years of age should be committed to the State Reform School. The statute required the father upon due service of summons "to appear and show cause why the boy should not be committed to the State Reform School," and the court held that "the design of the statute manifestly was that the father should have the right of a party to the pro-

ceeding, and as such to cross-examine witnesses produced in support of the complaint, to call witnesses in behalf of the defendant, and be fully heard in defense of the charge against his son,'' and the father is liable for a stated amount for maintenance of his minor child at the institution. Sec. 29, Chap. 76, Mass. Gen. Stats. This is a criminal prosecution and the statute here considered does not provide or contemplate that in such a prosecution the father shall have the right of a party to the proceedings or to participate therein, or only liability in the premises. See 31 C. J. pp. 1094-1108.

The evidence clearly establishes the guilt of the defendant as charged, and no errors of procedure other than those stated being assigned, argued or shown, the judgment of conviction should be and is affirmed.

TAYLOR, C. J., AND ELLIS, WEST AND TERRELL, J. J., concur.

BROWNE, J., dissents.

BROWNE, J., dissenting.

I think this case should be reversed because the provisions of Section 6028 were not complied with, nor was any attempt made to do so.

This statute gives substantial rights to a minor defendant in a criminal case, which the legislature in its wisdom considered essential to a fair and impartial trial. If the statute is ignored, the prisoner has not had a fair and impartial trial.

The court holds that it may determine the purpose of the Act, and if the purpose is met, the Act need not be enforced.

The opinion holds, ''While it is not held that either the

father or the son waived the statutory notice to the father, yet when the father actually had the notice required by he statute to be given him, a formal compliance with the tatute is not essential to a valid trial for the crime that s known to the father. The purpose of the statute having een accomplished by actual knowledge by the father of he crime for which his son was in the custody of the law, o possible harm could have resulted to the defendant from failure to serve formal notice on the father of the charge gainst his son.''

The logic of this doctrine is unescapable, that where a satute requires certain things to be done before a person cn be deprived of his rights of life, liberty or property, te courts may look into the facts and decide whether in it judgment, ''a formal compliance with the statute'' is esential to a valid trial.

Nowhere within the lines of the statute can I find anytling to support this construction.

Conceding such a power—and the decision of this court ispredicated upon this court having such power—there is n limit to the power of a court to determine when it is ncessary and when unnecessary to observe the mandates o. a law.

This is the second time this statute has been considered b: the court. Whitten v. State, 86 Fla. 111, 97 So. Rep. 416. In the first instance, a minor prisoner was arraigned, his plea entered, a jury selected and impaneled, before ndice required by the statute was given. In thase case, this was held not to be error.

That decision and the one now delivered by this court establish the rule that it is not necessary to give the notice before a minor prisoner is arraigned; or before he pleads or before the jury is empaneled, and the notice may be

given at any old time during the progress of the trial; and now, when the trial judge considers that it is unnecessary to give the notice, it need not be done.