*Ex Parte* ELMO KITTS, a minor.

147 So. 573.

Opinion filed March 23, 1933.

*Martin & Martin,* for Petitioner.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

DAVIS, C. J.—In this case the Attorney General, representing the respondent, Miller Davidson, as Superintendent of the Florida Industrial School for boys, concedes that the petitioner is being illegally detained in the custody of the said respondent superintendent, under an alleged commitment issued by the Juvenile Court of Hillsborough County, Florida, which commitment is asserted to constitute no lawful warrant or authority for the detention complained of.

The commitment complained of in this case was based on an affidavit filed under Section 3686, C. G. L., 2321 R. G. S., which section in terms says: "But this section shall not apply to delinquent children under prosecution for crimes."

The petitioner Kitts, a sixteen year old boy, was arrested in Hillsborough county and charged before a Justice of the Peace with attempting to steal an automobile, which is a felony under the laws of this state, and entitled the accused to a jury trial in the appropriate court on the question of his guilt or innocence. Should a juvenile offender be arrested,

tried, found guilty, or should he plead guilty to the criminal charge, the trial court exercising criminal jurisdiction with respect to the child may, after adjudging the guilt of the accused child, remand him to the Juvenile Court for proceedings looking to his commitment to an institution for juvenile delinquents, in lieu of sentencing the offender to incarceration or punishment in an ordinary criminal penal institution.

Section 3585 C. G. L., 2321 R. G. S., in defining a delinquent child as "including" any child less than seventeen years of age, "who violates any law of this state, or any city or town ordinance" should not be construed as depriving the child arrested and charged with the criminal offense punishable as such in a court of ordinary criminal jurisdiction, of his constitutional right to a jury trial as to his guilt or innocence of the charge, and if so construed might be of doubtful constitutionality. To avoid any such doubtful constitutionality Section 3686 C. G. L., *supra,* provides in terms that that section shall not apply to "delinquent children under prosecution for crimes."

But *after* a plea of guilty, or an adjudication of guilt following a trial and verdict of guilty, the alleged delinquent is no longer a "delinquent child under prosecution for crimes" but is then properly to be considered and dealt with as one who has "violated a law of this state" and therefore amenable to the procedure provided by Section 3686 C. G. L., 2321 R. D. S., and subsequent sections.

What has just been said has reference only to cases in which the alleged delinquency is based solely upon the allegation that the child is to be adjudged a "delinquent" because he violated "any law of the state or city or town ordinance." If facts exist independent of the criminal charge, which bring the child within the purview of the statutes de-

fining a "delinquent child" such facts may be made to appear in the Juvenile Court in the first instance and an appropriate adjudication of the fact made as a basis for the juvenile's commitment under the statutes.

But in every case where an alleged violation of a state law, or of any city or town ordinance, is relied on as the sole basis for proceedings against a child less than seventeen years of age, to have him adjudged a "delinquent child" and committed, the *adjudication* of the child's guilt must be made in the appropriate court vested by law with the power to adjudge guilt, as distinguished from the power to adjudge the fact of delinquency.

Juvenile Courts and Judges have no criminal jurisdiction, nor have they any jurisdiction to try and adjudge any person, whether a minor or not, guilty of the violation of a city or town ordinance. *Adjudications of guilt* of violation of state laws or city or town ordinances, must therefore be made by those courts having jurisdiction to make adjudication of that kind, after which sentence on the adjudication of guilt may be imposed, or the child may be remanded to the juvenile authorities for proceedings looking to his commitment as a "delinquent child."

In special cases the statutes have provided that no sentence may be imposed on a juvenile delinquent even though he is tried and adjudged guilty of an offense otherwise warranting it. State *ex rel.* Johnson v. Quigg, 83 Fla. 1, 90 Sou. Rep. 695. In such cases imprisonment under a *sentence* of conviction is unlawful, and the appropriate procedure is to transfer the case to the Juvenile Court for appropriate proceedings. State *ex rel.* Johnson v. Quigg, *supra*. The commitment here considered was under Chapter 6216, Acts of 1911, which is now Section 3684-3690 C. G. L., 2321-2325 R. G. S.

In consideration of the premises it is therefore ordered and adjudged by this Court that the petitioner, Elmo Kitts, a boy of the age of sixteen years, be discharged from the custody of the respondent, Millard Davidson, as Superintendent of the Florida Industrial School for Boys at Marianna, Florida, and remanded to the custody of the Juvenile Court of Hillsborough County for further proceedings according to law, unless ordered by said Court to be discharged.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.