STATE, *ex rel.* JOHN INTERLANDI, a minor, by his mother and next friend, LUCY BECCHETTI, v. W. RALEIGH PETTEWAY, Judge, Criminal Court of Record, Hillsborough County.

155 So. 319.

Division B.

Opinion Filed May 10, 1934.

Petition for Rehearing Denied June 21, 1934.

*Burton G. Henson,* for Relator;

*Morris M. Givens* and *A. A. Fernandez,* for Respondent.

BUFORD, J.—This is an original proceeding in mandamus, the purpose of which was to coerce the Judge of the Criminal Court of Record of Hillsborough County to remand John Interlandi to Juvenile Court of Hillsborough County, Florida, for proceedings in said court looking to his commitment to an institution for juvenile delinquents.

The record shows that John Interlandi was a minor under the age of seventeen years; that he plead guilty in the Criminal Court of Record of Hillsborough County on the 18th day of December, 1933, to charge of breaking and entering a certain storehouse located in Tampa, Florida. The information was drawn under the provisions of Section 5116, R. G. S., 7217 C. G. L., and the accused was sentenced on the 9th day of January, 1934, to serve a period of ten years in the State prison as punishment for such offense.

The Juvenile Court of Hillsborough County was created under the provisions of Chapter 8061, Special Acts of Legislature of 1919.

It is the contention of the petitioner that when *any* child under seventeen years of age is charged with the commission of *any* criminal offense in Hillsborough County that such child must be remanded to the juvenile court and there dealt with as a delinquent and that neither the criminal court of record nor the circuit court has any jurisdiction to enter a judgment sentencing any child under seventeen years of age as a punishment upon being convicted of any offense in that county.

Section 7 of the Special Acts, *supra,* provides as follows:

"Sec. 7.   When any child under seventeen (17) years of age, as provided in Chapter 6216, of the Acts of 1911, approved June 6th, 1911, is arrested and brought before any justice of the peace, municipal court or other court, it shall be forthwith transferred to the Juvenile Court of Hillsborough County, and the officer having charge of such child shall take the child before the said court, and all papers or information in the hands of the municipal court, justice of the peace or other court, shall be by him forthwith

transmitted to the said Juvenile Court of Hillsborough County, and shall become a part of its records."

Sections 9 and 10 of Chapter 6216, Acts of 1911, provide as follows:

"Sec. 9. When any child less than sixteen years of age shall be arrested, with or without warrant, and brought before any justice of the peace, municipal court or other court, the magistrate or judge presiding over such court, either before trial or after trial and conviction, but before sentence, may, in his discretion, take charge of the custody of such child in the same manner as provided herein for the county judge to take charge of delinquent children, or he may make and enter an order remanding the custody of such child to the probation officer to be dealt with as delinquent children are herein provided to be dealt with. If such order is made after trial and conviction, but before sentence, and such child is afterwards found to be incorrigible, or incapable of reformation, or dangerous to the welfare of the community, the judge or magistrate may order the arrest of such child and sentence such child as if the sentence had not been suspended. By committing a child to a probation officer to be dealt with as a delinquent child in the manner herein provided for, the court or judge after trial and conviction shall not lose jurisdiction to sentence.

"Section 10. The provisions of the preceding section shall not apply to children accused or guilty of the crime of rape, murder, manslaughter, robbery, arson, burglary or the attempt to commit any of these crimes."

The provisions of Section 10 of this Act exclude from the application of the Act any child who may be accused of or be guilty of the crime of rape, murder, manslaughter, robbery, arson, burglary, or the attempt to commit any of these crimes and by the provisions of Section 7 of Chapter 8061,

*supra*, that Act was made to apply only as provided in Chapter 6216, Acts of 1911, the only difference being that the Hillsborough County Act included children up to 17 years of age, while the previous general Act applied to children up to the age of 16 years.

It, therefore, becomes necessary for us to determine whether or not this person who by his next friend applies, here for mandamus is excluded from the provisions of Chapter 8061, *supra*, by reason of the nature of the offense of which he stands convicted. We hold that the words used to designate crimes in Section 10 of Chapter 6216 are not to be construed in their narrow technical meaning, but that from the words used we must gather the legislative intent and that they were used in their broad and generally accepted meaning. The compilers of Revised Statutes of Florida, 1892, in Article 2, Chapter 4, under the head of "Burglary and Burglarious Instruments" included Section 2434 which applied to breaking and entering a dwelling house, or any building or structure within the curtilage of a dwelling house and Section 2435 which applied to the breaking and entering of any other building, or any ship or vessel, either in the night time or in the day time, with intent to commit a felony.

In the general statutes of 1906 the compilers likewise in Article II of Chapter 4, included Section 3282 under the caption of "Burglary and Burglarious Instruments." This was Section 3435 of Revised Statutes, 1892, as amended by Chapter 4405, Acts of 1895, and 5411, Acts of 1905. By Chapter 4405, Acts of 1895, the section applicable to breaking and entering other buildings, ships or vessels, was amended along with Section 2434 of Revised Statutes relating to breaking and entering a dwelling house, or any building within the curtilage of a dwelling house. And the same

sections were amended in the same Act under the provisions of Chapter 5411, Acts of 1905.

The compilers of Revised General Statutes of 1920 included Sections 5115 and 5116 under the same caption of "Burglary and Burglarious Instruments."

. Therefore, we observe that while the Legislature has not definitely defined the breaking and entering of a building other than a dwelling house or a building within the curtilage of a dwelling house, with intent to commit a felony, in terms as burglary, that crime has been treated by the lawmakers for more than forty years last past as a species of burglary. And, for this reason, we hold that when the Legislature used the word "burglary" in Chapter 8061, *supra,* it was the legislative intent to thereby include the crime denounced by Section 5116, R. G. S., which the lawmakers had then for some twenty years by the adoption of compilations of the statutes of the State, included under the caption and general designation of "burglary."

We cannot attribute to the Legislature the intent to place that class of dangerous, though youthful, criminals who commit the offense of breaking and entering buildings with the intent to commit felonies therein beyond the reach of the criminal courts of this State and to deprive the criminal courts of jurisdiction to prosecute and punish such offenses under the terms of our criminal statutes.

We, therefore, hold that the petitioner is not entitled to the relief prayed.

. We do not mean to say that in a proper case a judge of a criminal court could not in the exercise of judicial discretion, after the conviction of a person charged with the offense here involved commit such person to the juvenile court to be there dealt with in lieu of imposing sentence upon such offender, if it appears to the court that such

offender is within the age limit as to which the juvenile court has jurisdiction.

For the reasons stated, the alternative writ should be quashed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.