STATE, *ex rel.* HARRY STIEGEL, JR., by HARRY L. STIEGEL, his father and next friend, v. L F. CHAPMAN, as Superintendent of State Prison Farm.

161 So. 424.
Division B.
Opinion Filed May 15, 1935.

*R. E. Williams* and *W. Gregory Smith,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

BUFORD, J.—Petitioner, Harry Stiegel, Jr., procured writ of habeas corpus from this Court alleging that he is unlawfully detained by the Superintendent of the State Farm at Raiford, Florida.

The return shows that he is held in custody in the State Prison of the State of Florida by virtue of a commitment issuing out of the Circuit Court of Martin County pursuant to a conviction of the offense of assault with intent to commit a felony, to-wit, grand larceny, and a judgment that for such offense he be confined in the State Prison for two and one-half years from November 9, 1934. He is now serving such sentence.

It is contended that because petitioner is under seventeen (17) years of age he could not lawfully be sentenced to serve at hard labor in State Prison under the provisions of Chapter 6216, Acts of 1911, and especially under Sections 1 and 4 of that Act which were brought forward as Sections 2321 R. G. S., 3684 C. G. L.; 2324 R. G. S., 3687 C. G. L. We think that the contentions presented here have been definitely settled in this jurisdiction in the case of *Ex Parte* Elmo Kitts, 109 Fla. 203, 147 Sou. 573. In that case this Court, speaking through Mr. Chief Justice DAVIS, said:

"The petitioner, Kitts, a sixteen-year-old boy, was arrested in Hillsborough County and charged before a Justice

of the Peace with attempting to steal an automobile, which is a felony under the laws of this State, and entitled the accused to a jury trial in the appropriate court on the question of his guilt or innocence. Should a juvenile offender be arrested, tried, found guilty, or should he plead guilty to the criminal charge, the trial court exercising criminal jurisdiction with respect to the child, may, after adjudging the guilt of the accused child, remand him to the Juvenile Court for proceedings looking to his commitment to an institution for juvenile delinquents, in lieu of sentencing the offender to incarceration or punishment in an ordinary criminal penal institution.

"Section 3585 C. G. L., 2321 R. G. S., in defining a delinquent child as 'including' any child less than seventeen years of age 'who violates any law of this State, or any city or town ordinance' should be construed as depriving the child arrested and charged with the criminal offense punishable as such in a court of ordinary criminal jurisdiction, of his constitutional right to a jury trial as to his guilt or innocence of the charge, and if so construed might be of doubtful constitutionality. To avoid any such doubtful constitutionality Section 3686 C. G. L., *supra,* provides in terms that that section shall not apply to 'delinquent children under prosecution for crimes.'

"But *after* a plea of guilty, or an adjudication of guilt, following a trial and vrdict of guilty, the alleged delinquent is no longer a 'delinquent child under prosecution for crimes,' but is then properly to be considered and dealt with as one who has 'violated a law of this State' and therefore amenable to the procedure provided by Section 3686 C. G. L., 2321 R. G. S., and subsequent sections."

In the case of State, *ex rel.* Johnson, v. Quigg, 83 Fla. 1, 90 Sou. 695, it appeared that Johnson, a minor under

seventeen years of age, was convicted in the Municipal Court of Miami of some offense denounced by ordinance and was sentenced to imprisonment. In that case it was held:

"On the showing here made, it was the duty of the Municipal Court of Miami, under Section 7 of Chapter 8663, Acts of 1921, to transfer the charge against the petitioner to the Juvenile Court of Dade County, and imprisonment under a sentence of conviction in the Municipal Court is unlawful. The order remanding the petitioner under the sentence of imprisonment is reversed and petitioner will be produced to the Municipal Court for appropriate proceedings. See Faison v. Vestal, 71 Fla. 562, 71 South. Rep. 759; *Ex Parte* Simmons, 73 Fla. 998, 75 South. Rep. 542; Douglas v. Shackleford, 73 Fla. 889, 75 South. Rep. 203; 81 Fla. 783, 89 South. Rep. 114."

Section 2323 R. G. S., 3686 C. G. L., referred to in the case of *Ex Parte* Kitts, *supra,* provides:

"Any probation officer as herein provided being a resident in the county where there shall be found any dependent or delinquent child contemplated by this Chapter, or in any county where there is no probation officer, then in such event the sheriff of such county, or any other individual who is a resident of such county who is not under any legal disability, where there shall be found any dependent or delinquent child contemplated by this Chapter, may file with the county judge of said county a petition in writing setting forth the facts, verified by affidavit, and indicating the child to be affected and stating (if known) the names and residences of the parents of such child, or guardian or person in whose immediate care the child may be, and the particular occasion for the institution of the proceedings. It shall be sufficient that the affidavit is upon information and

belief. But this section shall not apply to delinquent children under prosecution for crime."

It will be observed that the record shows that the petitioner was convicted of the "offense of assault with intent to commit a felony, to-wit: grand larceny." The indictment is not before us and, therefore, we are not advised as to the language used in the charge and we do not now determine whether or not the indictment was sufficient to charge an offense under the laws of the State of Florida, nor do we determine whether or not there could be such an offense as assault with intent to commit grand larceny.

Therefore, following the precedents established by the cases above cited, it is ordered and adjudged by this Court that the petitioner, Harry Stiegel, Jr., a boy of the age of sixteen years, be discharged from the custody of the respondent, L. F. Chapman, as Superintendent of the State Prison Farm of Florida at Raiford, Florida, and be remanded to the custody of the Sheriff of Martin County, Florida, to be presented to the County Judge of said county, together with a petition to be made by the said Sheriff showing his conviction in the Circuit Court herein referred to, there to be dealt with as a delinquent juvenile offender, as provided by the laws of the State of Florida, and to receive such judgment and sentence as shall be imposed by the said County Judge.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.