STATE, *ex rel.* JAMES HAMILTON, v. L. F. CHAPMAN, as
Superintendent of the State Prison Farm

169 So. 658.
Division B.
Opinion Filed July 27, 1936.
Rehearing Denied Sept. 22, 1936.

*G. C. Durrance,* for Relator;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

TERRELL, J.—Petitioner, James Hamilton, was informed against in the Circuit Court of Collier County and charged with being guilty of armed robbery and as accessory before the fact contrary to Section 5055, Revised General Statutes of 1920, Section 7157, Compiled General Laws, of 1927. He was arraigned and entered a plea of guilty and was sentenced to twenty years at hard labor in the State Penitentiary.

He procured a writ of habeas corpus from this Court on a petition which alleges that he was born on July 7, 1920, and was consequently only fifteen years of age at the time he was sentenced, April 8, 1936, that he is now only sixteen years of age, and that he entered the plea of guilty without having the benefit of counsel or being permitted to confer with his father or mother prior to arraignment.

It is contended here that petitioner is a delinquent child under Section 2321, Revised General Statutes of 1920, Section 3684, Compiled General Laws of 1927, and that being under the age of eighteen he could not under the controlling statute, Section 6318, Revised General Statutes of 1920, Section 8644, Compiled General Laws of 1927, be sentenced to serve at hard labor in the state penitentiary. He relies on the following decisions of this Court to support his contention; Stiegel v. Chapman, 119 Fla. 347, 161 So. 424; *Ex Parte* Kitts, 109 Fla. 202, 147 So. 573; Powell v. Stone, filed July 10, 1936.

Section 6318, Revised General Statutes of 1920, Section 8644, Compiled General Laws of 1927, was originally Section 1 of Chapter 5388, Acts of 1905, and among other things provides for the manner and causes of commitment of minors to the State Industrial School for Boys at Mari-

anna. It applies to all minors under eighteen years of age who have been convicted of an offense punishable by imprisonment in the county jail or in the state prison, not for life, and authorizes the judge to sentence them to The Florida Industrial School for Boys or to such other punishment provided by law for the same offense in the discretion of the court.

Section 6318, Revised General Statutes of 1920, has no application to delinquent children as defined by Section 2321, Revised General Statutes of 1920, Section 3684, Compiled General Laws of 1927. They are committed under Section 2334, Revised General Statutes of 1920, Section 3705, Compiled General Laws of 1927, unless accused and found guilty of rape, murder, manslaughter, robbery, arson, burglary, or the attempt to commit any of these crimes. Section 2336, Revised General Statutes of 1920, Section 3706, Compiled General Laws of 1927. These exceptions have been recognized and approved by this Court. State, *ex rel*. Interlandi, v. Petteway, 114 Fla. 850, 155 So. 319.

Section 3684, Compiled General Laws of 1927, defining delinquent children, includes "any child less than seventeen years of age, who violates any law of the state or any city or town ordinance," but the punishment as provided for such children in Section 3705, Compiled General Laws of 1927, only reaches those less than sixteen years of age. The statutes defining and punishing delinquent children would, therefore, apply to all minors amenable to and punishable by Section 8644, Compiled General Laws of 1927, except those over sixteen and under eighteen years of age, but the latter statute with reference to the commission of minors to Industrial School for Boys, being first in time, was repealed by the statute with reference to delinquent children

except as to minors between sixteen and eighten years of age.

Petitioner was sentenced on the eighth day of March, 1936, and attained his sixteenth birthday, July 7, following. Having been charged with armed robbery he was within the exceptions noted in Section 3706, Compiled General Laws of 1927, to Section 3684, Compiled General Laws of 1927. Having been excluded by the latter statute from the provisions of the statute defining and punishing delinquent children, he automatically falls within the terms of Section 8644, Compiled General Laws of 1927, under which he should have been committed and it was within the discretion of the judge to commit him to the state penitentiary or to the Industrial School for Boys at Marianna.

But the petition shows that the notice required by Section 6028, Revised General Statutes of 1920, Section 8322, Compiled General Laws of 1927, was not given to the parents of the petitioner before he was arraigned and sentenced. We have held that failure to give such notice was reversible error. Whitten v. State, 82 Fla. 181, 89 So. 421; Pitts v. State, 88 Fla. 438, 102 So. 554.

If the petitioner was unmarried and only fifteen years of age at the time of his arraignment and sentence, the failure to give the required notice to the father and mother vitiated the trial. The petitioner is, therefore, remanded to the Judge of the Circuit Court with directions that if the petitioner was unmarried and only fifteen years of age at the time of the trial his parents be notified of his trial as contemplated by Section 8322, Compiled General Laws of 1927, and that he again be permitted to plead to the information and trial proceed accordingly.

Petitioner remanded with directions.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

In the original opinion filed herein July 27, 1936, the petitioner was remanded to the Circuit Court because it was represented by the petition for habeas corpus that he was tried and convicted without having his parents notified as required by Section 8322, Compiled General Laws of 1927.

On Petition for Rehearing we are admonished to amend our original opinion by eliminating the order of remand on a showing that a certified copy of the minutes of the trial, attached to the Petition for Rehearing shows that the parents of the petitioner were notified and were present in court at the time of the trial.

The record and minutes of the trial show that petitioner was arrested April 1, 1936, informed against April 8, following, put on trial the same day, and after he was arraigned and entered a plea of guilty without a chance to confer with parent or any living person, so far as is shown, his age was ascertained whereby sentence was held in abeyance pending notice to his parents. The parents of the petitioner were notified and brought into court by the sheriff from a distance on the same date, the petitioner was then rearraigned, the information read to him again, and he entered a second time the plea of guilty. The court then asked the petitioner and the father and mother if they had anything to say why the sentence of the law should not be pronounced. The father responded that the defendant was a youth under age and that he felt that he (petitioner) was led into the crime by older persons. No other response being made, petitioner was sentenced to twenty years in the state penitentiary at hard labor.

The statute, Section 8322, Revised General Statutes of 1927, requires that the parents be notified before the trial. The record discloses that the parents of petitioner did not know of the trial until 4:00 o'clock P. M., April 8, after he had been once arraigned and plead guilty, they were then brought into court and a like proceeding was conducted without having a chance to confer with him or so far as the records show, without knowing any more about the charge against the petitioner than Uncle Remus. The regular terms of the Circuit Court was months in the future and he was indicted and tried the same day at a special term of the Court, having been arrested a week previous.

Such procedure is far short of compliance with the requirement of the statute in such cases. If notification "before trial" does not contemplate an opportunity for the minor to see and confer with his parents then the notification is futile and serves no purpose whatever. It would be idle to have a parent brought in court to see his minor child sentenced to the penitentiary and that was all the purpose the notice served in this case.

The Petition for Rehearing is accordingly denied.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.