84 So.2d 581 (1956)
Richard Harry SNELL, Appellant,
v.
Nathan MAYO, as Prison Custodian of the State of Florida, Appellee.
Supreme Court of Florida. Division A.
January 6, 1956.
James D. Welch, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., and Jack A. Sudduth, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant seeks reversal of an order of the Circuit Judge dismissing a writ of habeas corpus and remanding him to the custody of appellee as prison custodian.
Pursuant to his plea of guilty, appellant was on September 5, 1951, adjudged guilty and by the Judge of the Criminal Court of Record of Broward County sentenced to five years imprisonment in the state prison for theft of an automobile.
On November 9, 1954, while in prison, appellant petitioned this court for a writ of habeas corpus on the ground that at the time of his trial and sentence he was a minor of fifteen years and that his parents were not notified of the charge against him prior to trial, as required by Section 932.38, Florida Statutes, F.S.A.; hence, he contends, his sentence and subsequent incarceration were illegal.
The writ issued and was made returnable before Honorable Lamar Warren, Circuit Judge, for appropriate hearing and disposition. Hearing was held. The writ was dismissed and the petitioner remanded to custody. Appeal comes to this court from this order.
The evidence developed that the Criminal Court Clerk, by regular mail, sent a *582 notice to the father and step-mother of petitioner advising them of the charge and time and place of arraignment. The uncle of the petitioner visited him twice before arraignment and advised him that he, the uncle, had notified the father of the charge against the boy, although petitioner denies any such conversation. Petitioner says he was fifteen years old when sentenced. The prosecuting officials say he told them he was seventeen.
On appeal petitioner contends that there was non-compliance with Section 932.38, F.S., F.S.A., which reads:
"When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate.
"The service of notice required by this section to be given to the parent, or guardian or other person provided herein may be made as the service of summons ad respondendum is made; or in the event such parent, or guardian or other person provided herein may be beyond the jurisdiction of the court, then, and in that event, service may be made by registered mail, or by telegram, and return of such service shall be made by the executive officer of the court in the same manner as returns are made upon summons ad respondendum."
It is contended that there was no proof of mailing the notice by registered mail or service thereof in the manner of service of a summons.
An examination of the cited statute will reveal that the only mandatory requirement is that due notice be given. The method of giving the notice suggested by the law is merely directory. No particular method is mandatorily prescribed. We have held that actual knowledge by the parents of the existence of the charge prior to trial is acceptable as the due notice required by the statute. See Pitts v. State, 88 Fla. 438, 102 So. 554.
In the instant case there is no doubt that the notice was mailed to the parents by the Clerk of the Court. It was correctly addressed to them at their address in Pennsylvania. It was properly posted and not returned to the Clerk's office. Certainly, presumptively at least, the notice reached the destination to which it was addressed and sent in due course of mail.
Furthermore, the uncle communicated with the boy's father before arraignment and he testified that he told petitioner that his father had been notified and had responded that he could do nothing for him.
There is every evidence that the father of this unfortunate boy was notified of his plight and completely ignored the opportunity to go to his aid. The fact also remains that actually nowhere in this proceeding is there any denial that the offense was committed.
Although strict compliance with the statute in question is recommended in order to eliminate problems of the kind before us, we cannot find that there was a fatal failure to comply with its essentials in the case at bar.
The judgment is therefore affirmed.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.