THORNAL, Justice.
By an original proceeding the petitioner Johnson seeks release from the State prison on a writ of habeas corpus.
We must determine whether the prosecuting officials met the requirements of Section 932.38, Florida Statutes, F.S.A., prior to the trial of the petitioner.
On September S, 1958, pursuant to a plea of guilty, the petitioner was sentenced to a term in the State prison for larceny of an automobile. By his petition he al *489 leges that at the time sentence was imposed he was not yet nineteen years of age and was unmarried. He further alleges that there was a failure to notify his “legal guardian”, to wit: his grandmother. Petitioner then asserts that this amounted to a failure to comply with Section 932.38, Florida Statutes, F.S.A., and that this in turn resulted in an illegal conviction and sentence. The return reveals a photostatic copy of a notice to' Fanny M. Johnson, Box 183, Tazewell, Virginia. A registered mail return receipt was signed by her through her agent on August 25, 1958. This was ten days prior to the date of conviction and sentence. The return further shows that according to the records of the Department of Corrections, Fanny M. Johnson is listed as petitioner’s “notification relative.”
We think the record supports the conclusion that there has been a substantial compliance with Section 932.38, Florida Statutes, F.S.A. The subject statute merely provides that when an unmarried minor is charged with an offense, due notice of the charge prior to the trial thereof shall be given to the parents or guardian of the minor, if the name or address is known to the Court, or the executive officers thereof. If such is unknown, then the notice shall be given to any relative or friend designated by the minor.
We have held that the essential mandatory requirement of the statute is that due notice be given. The methods provided for giving the notice are directory. However, in this instance the requirements of the statute were specifically met when the notice that petitioner was held on a charge of “car theft” was sent by registered mail to his grandmother. Snell v. Mayo, Fla., 84 So.2d 581.
 There is no doubt that the failure to give reasonable notice before the unmarried minor is tried and sentenced is fatal to the validity of a conviction. State ex rel. Hamilton v. Chapman, 125 Fla. 235, 169 So. 658. However, under the wording of this particular statute the notice is sufficient if it reasonably describes the charge. It must be furnished a reasonable period of time prior to the trial. By this, is meant a notice in time to enable a minor’s parent or guardian or friend to confer with him if it is desired so to do. The purpose of the requirement is not to place upon the State the burden of searching for and bringing in the parent or guardian. The State’s responsibility under the statute is. merely to see that the parent or guardian has the notice and, therefore, the opportunity to come to the assistance of the accused minor. State ex rel. Hamilton v. Chapman., supra; Pitts v. State, 88 Fla. 438, 102 So. 554.
In the instant case the guardian of the accused minor received the notice a full ten days before the date of conviction and sentence. Thére is no contention here that the time allowed was unreasonably short. In fact, it would appear that it was adequate. The sole contention advanced is that no notice was given. The record proves the contrary.
It may well be that this statute, originally enacted as Chapter 6221, Laws of Florida 1911, requires some legislative “overhauling” in order to prescribe in more specific detail the procedures to be followed by the officers of the trial courts. An increasing number of petitions for habeas corpus grounded on alleged failure to meet the requirements of this statute have recently come to our notice. E. g. Kinard v. Cochran, Fla., 113 So.2d 843. However, any changes in the statute must necessarily be accomplished by the Legislature rather than by the Court.
In the instant case we conclude that the requirements of the statute have been met and, therefore, the writ must be discharged and the petitioner remanded to custody.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and DREW, JJ., concur.