PIERCE, Judge.
This is an appeal from an order denying motion to vacate a judgment and sentence in a criminal case under Criminal Procedure Rule 1.850, 33 F.S.A., formerly C.P.R. 1.
The sole point involved here is whether, under the facts shown by the records and files before the lower Court, the judgment and sentence imposed upon appellant Holloway was void because of failure to technically give notice in writing to his parent or parents before trial. We hold, as did the lower Court, that under the facts as shown by such records and files to exist at the time of trial, the proceedings were not void.
On October 14, 1937, Holloway was indicted by the grand jury in the Polk County Circuit Court of the offense of first degree murder. On January 29, 1938, after trial by jury, he was convicted of such offense, and, upon recommendation by the jury, was in due course sentenced to life imprisonment. Thereafter, on October 18, 1966, 29 years later, Holloway filed in the trial Court his petition under former C.P.R. 1 to vacate the judgment and sentence of life imprisonment upon several grounds, the only one of serious import being that the State allegedly failed to comply with F.S. § 932.38, F.S.A., which required the giving of notice to the parents or guardian of an unmarried minor who is charged with crime.
At the hearing on the motion, the Circuit Judge entered order requiring Holloway to file a “bill of particulars”, setting forth therein (1) the place and date of his birth; (2) the names and address of his parents when he was convicted; (3) the present whereabouts of his parents, “if they be living”; (4) whether or not, at the time of his conviction, he was married or had been married; and (5) whether or not his parents or either of them had “attended the trial and were present during the time of his trial and conviction”.
On January 20, 1967, Holloway filed an “affidavit of particulars” wherein he averred that (1) he was born in Tampa, Florida, on October 17, 1921; (2) that the names of his parents at the time of his conviction were Charlie Holloway, father, and Matilda Holloway, mother, and their address was 2409 18th Avenue, Tampa, Florida; (3) that both parents were presently deceased; and (4) that he, defendant Holloway, had never been married.
On February 8, 1967, the Circuit Judge entered order denying the motion to vacate judgment and sentence, reciting therein that—
“ * * * the minutes of the proceedings of his trial in 1938, shows that:
‘the mother of the Defendant was present and at the defendant’s side in open Court during this trial, the defendant being a minor.’ ”
Holloway filed notice of appeal from said order, and he has had the benefit of able Court-appointed counsel in this Court.
F.S. § 932.38, F.S.A. provides generally that when any unmarried minor is charged or tried for any criminal offense in any of the Courts in Florida his parents or guardian shall be given due notice of such charge prior to his trial.
Said § 932.38 has been the subject of numerous adjudicated cases involving its construction and application since it first became law in 1911 (Ch. 6221, Acts of 1911). The Courts of this State have in several cases held that failure to comply with this statutory requirement renders void any judgment and sentence entered consequent upon the trial. Milligan v. State, Fla.App.1965, 177 So.2d 75; Bell v. State, Fla.App.1966, 188 So.2d 565; Brooks v. State, Fla.App.1966, 183 So.2d 550; Michell v. State ex rel. Callahan, Fla.App.1963, 154 So.2d 701.
But the foregoing rule is subject to the well-recognized exception that the giving of the prescribed statutory notice is not mandatory where the parents have actual notice of the charges against the minor prior to his trial and have reasonable op *250 portunity for consultation and advice to and with the minor. Thus in Bowen v. Cochran, Fla.1960, 121 So.2d 154, the Supreme Court said:
“Our examination of the record before us discloses that, although the petitioner’s parents were not notified either by service of summons or by registered mail, they did, in fact, receive actual notice of their son’s predicament prior to his trial. It appears that the petitioner’s mother and father visited him at the Pinellas County jail in Clearwater some two weeks prior to the date of his conviction and sentencing.
This court, in the case of Snell v. Mayo, Fla.1956, 84 So.2d 581, 582, which involved a similar factual situation, decided the precise point raised herein adversely to the petitioner’s position. We quote from that case:
‘An examination of the cited statute will reveal that the only mandatory requirement is that due notice be given. The method of giving the notice suggested by the law is merely directory. No particular method is mandatorily prescribed. We have held that actual knowledge by the parents of the existence of the charge prior to trial is acceptable as the due notice required by the statute. See Pitts v. State, 88 Fla. 438, 102 So. 554.’ ” (Emphasis in text).
This 2nd District Court in Milligan v. State, supra, held that—
“The obvious purpose of Section 932.38 is to furnish a safeguard to minors accused of crimes by requiring that the opportunity be made available for consultation and advice with the individuals, who, society must assume, are those most vitally concerned with the minor’s best interests.”
See also to the same effect Falagon v. State, Fla.App.1966, 186 So.2d 804; Bran-son v. Cochran, Fla.1962, 138 So.2d 316; Milligan v. State, 1933, 109 Fla. 219, 147 So. 260 (a death penalty case); Craig v. Cochran, Fla.1961, 132 So.2d 196; DiMarco v. Cochran, Fla.1961, 127 So.2d 674; Brockman v. Cochran, Fla.1961, 127 So.2d 443; Johnson v. Cochran, Fla.1960, 124 So.2d 488; Bowen v. Cochran, Fla.1960, 121 So.2d 154; Clay v. State, 1940, 143 Fla. 204, 196 So. 462; James v. State, 1927, 92 Fla. 999, 111 So. 277; Pitts v. State, 1924, 88 Fla. 438, 102 So. 554.
The record here shows that the official minutes of the court below established that when Holloway was tried, even though he was then only 17 years of age, his mother “was present and at [his] side in open Court during” his trial. This is a sufficient compliance with the statutory provision for parental notice, especially in a collateral proceeding initiated some twenty-nine years after trial.
Another circumstance is of significance. As hereinbefore narrated, the trial Judge, when the Court hearing on the motion for discharge under Rule 1, was held, entered order requiring filing of a bill of particulars. Holloway responded thereto, answering as to all matters specified by the Court, except that he conveniently ignored or forgot to throw any light upon item 5 listed in the Court order, namely, “Whether or not his parents and/or his guardian, or either of them, attended the trial and were present during the time of his trial and conviction”. But the answer was nevertheless preserved in the official minutes of the Court. We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A.
The order appealed from is therefore—
Affirmed.
ALLEN, A. C. J., and HOBSON, J., concur.