PER CURIAM.
This is an appeal by the state from an order granting a new trial based on § 932.-38, Fla.Stat.1969 (now § 925.07, Fla.Stat., F.S.A.) See § 924.07, Fla.Stat.1969 (now § 924.07, Fla.Stat., F.S.A. as amended.)
Ossie Whitter, appellant, was an unmarried male under age 21 charged with rape. At an arraignment attended by his father, defense counsel was appointed because of indigency and a plea of not guilty was entered. No date for the trial was then set. In April, 1970 the trial was set for June 29, but was later reset for July 6, 1970. The trial was continued from July 6 to July 7. On July 7, 1970, the date set for trial, appellant’s father was in the courtroom, but the trial was continued because of the prosecutor’s illness. The judge in open court at that time announced that the trial was to be continued to the next Monday. The trial was again postponed for the prosecutor’s illness, and was tried on July 13.
After a jury verdict of guilty, but before sentence had been passed, appellant filed a motion for new trial alleging, inter alia, that the appellant’s parent was not shown to have been notified by the state of the trial, in violation of § 932.38, Fla.Stat., 1969. Testimony was taken as to such motion, and the trial court granted the motion for new trial from which the state appealed.
This statute, § 932.38, Fla.Stat.1969, has been the subject of numerous appellate cases involving its construction and application since it first became law in 1911, Ch. 6221, Acts of 1911. See Holloway v. State, Fla.App.1968, 216 So.2d 248 and cases cited.
Florida courts have frequently held that failure to comply with this statutory requirement renders void any judgment of conviction and sentence. However, the statute is subject to a well-recognized exception that the giving of the prescribed statutory notice is not mandatory where the parent has actual notice of the charges against the minor prior to his trial and has reasonable opportunity for consultation with and advice to the minor. Pitts v. State, 88 Fla. 438, 102 So. 554 appears to be the second case considering the predecessor of the present statute and the first to establish the exception.
We express the view that appellant’s father by attending the arraignment and at least one of the trial sessions had sufficient actual knowledge or notice of the offense or charge then lodged against his unmarried, minor child. Therefore, the exception to the instant statute is applicable, and the order granting a new trial is reversed with directions to reinstate the judgment and sentence.
It is so ordered.