**Doll HOLLOWAY, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71–1701**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

**150**

Doll Holloway, pro se.

Earl Faircloth, Former Atty. Gen. of Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Charles Corces, Jr., Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Appellant, Doll Holloway, appeals from the denial of his petition for habeas corpus, alleging that his 1938 conviction for first degree murder and the subsequent sentence of life imprisonment imposed by the Circuit Court for the Tenth Judicial Circuit of Polk County, Florida, were invalid because state authorities did not notify his parents or guardians "prior to" his trial as required by Florida Statutes § 932.38, F.S.A.[1] We affirm.

Broadly read, appellant's argument alleges violation of his Fourteenth Amendment due process rights in two respects: (1) the failure of the state courts and of the federal district court to require an evidentiary hearing on the question of compliance with Fla.Stat.Ann. § 932.-38 and (2) the failure of state authorities to notify his parents, as required by the Florida statute in question. We do not pass on appellant's procedural due process claim, for we find that his substantive due process claim is not well taken.

Appellant was 17 years old when indicted, tried, and convicted of first degree murder. The 1938 record book of the Florida trial court states that appellant's mother was "present and at [his] side" during the trial, that appellant was represented by counsel, and that appellant plead "not guilty" to the charge of murder. Seeking post-conviction relief in the state courts, appellant disputed the allegation that his mother was given the "due notice" required by

---

1. Florida Statutes, § 932.38, F.S.A. "When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof. In the event that the name of such parent or guardian is not known or made known to the court or executive officer or cannot be reasonably ascertained by him, then such notice shall be given to any other relative or friend whom such minor may designate.

"The service of notice required by this section to be given to the parent, or guardian or other person provided herein may be made as the service of summons ad respondendum is made; or in the event such parent, or guardian or other person provided herein may be beyond the jurisdiction of the court, then, and in that event, service may be made by registered mail, or by telegram, and return of such service shall be made by the executive officer of the court in the same manner as returns are made upon summons ad respondendum."

the Florida statute. The Florida court of appeals affirmed appellant's conviction, holding that the presence in court of the appellant's mother was conclusive evidence of "due notice" for purposes of the statute and that the 1938 record book and the written evidence submitted in support of the post-conviction motion to vacate sentence and judgment were sufficient without an evidentiary hearing to establish that appellant's mother was present at the 1938 trial. Holloway v. State, Fla.App., 1967, 216 So.2d 248. The Florida Supreme Court denied certiorari, 222 So.2d 752.[2]

 We do not feel that appellant's claim rises to a constitutional level. The clearest statement of the purpose of § 932.38 was given in Milligan v. State, Fla.App., 1965, 177 So.2d 75:

> "The obvious purpose of section 932.-38 is to furnish a safeguard to minors accused of crimes by requiring that the opportunity be made available for consultation and advice with the individuals, who, society must assume, are those most vitally concerned with the minor's best interests." 177 So. 2d at 77.

This purpose does not evoke constitutionally protected rights. We are cited to no case which holds that constitutional due process would require that a minor's parents be notified prior to the commencement of criminal proceedings against him, and we conclude that such notification is a question of state law. *See* Cappetta v. Wainwright, 5 Cir. 1970, 433 F.2d 1027.

In a similar case, this court recently implied strongly that § 932.38 had no constitutional altitude, Adams v. Wainwright, 5 Cir. 1971, 445 F.2d 832, which cited two district court opinions holding that non-compliance with § 932.38 did not violate any federally protected right, Capers v. Wainwright, No. 68–358–Civ. JE (S.D.Fla.1968); Mitchell v. Wainwright, No. 68–367–Civ.J. (M.D.Fla.

1968). Without passing on Appellant's claim that the Florida statute was violated, we find that his petition for habeas corpus was properly denied because he was not in custody in violation of the federal laws or of the constitution. 28 U.S.C.A. § 2254(a).

Appellant also claims that his counsel in 1938 failed to call witnesses in his behalf and that his counsel was "insufficient." However, appellant has not exhausted his state remedies on either question, and the federal courts must wait state court determination. 28 U.S.C.A. § 2254(b); Garrett v. Texas, 5 Cir. 1970, 435 F.2d 709; Harrison v. Wainwright, 5 Cir. 1970, 424 F.2d 633; Wheeler v. Beto, 5 Cir. 1969, 407 F.2d 816. The judgment of the trial court is affirmed.

Affirmed.

2. Under Florida law, "actual notice" is "due notice" as required by § 932.38. Bowen v. Cochran, Fla.1960, 121 So.2d 154; Snell v. Mayo, Fla.1965, 84 So.2d 581.