PER CURIAM.
Morris Morgan Falagon, an unmarried minor, was charged with the crimes of breaking and entering with intent to commit a felony and grand larceny. His parents were given written notice of the charges and the date set for his appearance before the court. At that time they appeared with him and he entered a plea of guilty to lesser included offenses. Judgment and sentence followed but they were vacated and a new trial granted in a subsequent Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, proceeding because he was insolvent at the time of the plea and he neither had counsel nor did he waive his right to counsel. Fal-agon thereafter appeared with court-appointed counsel and again entered a plea of guilty and was again adjudged guilty and sentenced. Thereafter he filed a second motion for relief pursuant to Criminal Procedure Rule 1 contending that the second judgment and sentence was void because his parents were not notified of the second arraignment, plea, judgment and sentence. He appeals from a denial of the second motion.
Almost four years intervened between the notice to his parents and the second arraignment and plea. Falagon was an unmarried minor during all of that time. F.S. § 932.38, F.S.A. requires that due notice of any offense charged against any unmarried minor shall be given to his parents “prior to the trial thereof.” Failure to give such a notice renders the judgment and sentence void. The purpose of the statute is to furnish a safeguard to unmarried minors accused of crime in order that such a minor’s parents may have the opportunity to come to the assistance of the accused minor. For this reason it has often been stated that the notice must be given within a reasonable period of time prior to the trial. However, the reasonableness of the *806 period of time intervening between the notice and the trial is determined by the sufficiency of the period of time to enable the parents to have the opportunity to exercise the beneficial purposes of the statute. Where as here the parents of an unmarried minor receive notice of the offenses charged against such a minor, then that minor may be arraigned, tried, convicted or sentenced at any time after a reasonable period from the notice including second or successive proceedings on the same charges without any further notice to his parents.
The order denying relief is affirmed.
SMITH, C. ' J., WALDEN, J., and BARNS, PAUL D., Associate Judge, con■cur.