OWEN, Judge.
On appeal from an order denying without evidentiary hearing motion to vacate judgment and sentence appellant raises two points, neither of which require reversal of the order.
Appellant’s first point is that the court erred in denying his motion without a hearing when the record clearly shows that at the time of trial he was un unmarried minor and his parents were not in court. The record affirmatively shows that almost eight weeks prior to appellant’s trial and conviction the statutorily required notice[1] of the charge against the ap *646 pellant was given by registered mail to his mother, who then lived in Lake City, South Carolina, and that she promptly received and receipted for such notice. This affirmative showing apparently distinguishes this case from that of Ziegler v. State, Fla.App. 1965, 180 So.2d 477, wherein it was determined that such a finding could not be made upon a mere examination of the record in that case. However, appellant does not seriously contest the question of the parent receiving the notification of the charge of second degree murder which was pending against appellant, since he concedes in his brief that such notice was received. The thrust of his argument is that his parent or parents were not notified of the date and time of the trial, and thus when the trial commenced without his parent or parents being physically present, the trial court had a duty to postpone the trial until his parents could be present, subpoenaed by the court if necessary. This argument is clearly contrary to the holding of this court in Falagon v. State, Fla.App.1966, 186 So.2d 804, at 806, wherein we stated:
“Where as here the parents of an unmarried minor receive notice of the offenses charged against such a minor, then that minor may be arraigned, tried, convicted or sentenced at any time after a reasonable period from the notice including second or successive proceedings on the same charges without any further notice to his parents.”
Appellant’s second point is that the court erred in the denial of his motion to vacate by failing to note from the record that appellant was not advised of his right to appeal following his original conviction. The motion to vacate did not contain any allegation to the effect that the trial court failed to advise appellant of his right to appeal from the original conviction, and thus this question is not properly before the court. Dozier v. State, Fla.App.1966, 192 So.2d 506. We take note of the fact that appellant now has pending in this court a petition for writ of habeas corpus (Case No. 71-257) in which he alleges state action frustrated his right to appeal from his original conviction.
Affirmed.
REED, C. J., and MAGER, J., concur.

. At that time tlie statute was Section 982.38, F.S. but has now been renumbered as F.S. Section 925.07, F.S.A.