PER CURIAM.
Appellant brings this appeal to contest the trial court’s denial of his motion filed under Fla.R.Crim.P. 3.850. The appeal stems from the following facts: In.April, 1962, appellant was charged with unarmed robbery. In May, 1962, appellant, who was under 21 years of age, was present in court with his uncle, Willie Hamilton, and pled guilty as charged. He was sentenced to five years in prison. In August, 1964, appellant filed a motion to vacate, alleging that his plea was entered without benefit of counsel and that he did not voluntarily waive his right to counsel. In October, 1964, the court vacated the judgment and sentence and ordered appellant to be returned to Madison County for trial. In October, 1964, still an unmarried minor, appellant appeared in court with his counsel, entered a plea of guilty, and was sentenced to five years with credit for time served. The clerk’s minute book contains the following notation concerning the second proceeding:
“The defendant Wilbur Byrd, being under the age of 21 years, his uncle next of kin, Willie Hamilton was notified of the proceedings. He did not appear.”
In February, 1977, appellant, who has completed the above sentence and who is now incarcerated for other offenses, filed the Rule 3.850 motion seeking to have the 1964 judgment and sentence vacated, alleging that the court did not comply with provisions of § 932.38, Fla.Stat. (now § 925.07), concerning notification of parents or guardian when a minor is charged with an offense. Appellant requested an evidentiary hearing to determine whether his parent or guardian was notified prior to the 1964 proceeding. In May, 1977, the trial court denied appellant’s motion on the ground that the sentence would have been fully served on or before May 3, 1967.
We affirm the denial of the Rule 3.850 motion but on different grounds. A prisoner serving any prison sentence is “in custody” for the purposes of Rule 3.850. Lawson v. State, 231 So.2d 205 (Fla.1970). Thus, although appellant has completed the sentence he attacks, the fact that he is presently serving even an unrelated sentence gives him standing .to move in the trial court under Fla.R.Crim.P. 3.850 for relief from the attacked sentence.
In an Anders brief, the public defender appointed to represent appellant submitted that although the trial court denied the motion on improper grounds, it did have a valid ground on which to issue a summary denial. The public defender asserted that although appellant’s 3.850 motion on its face appears sufficient for relief, the record conclusively refutes the motion allegations with the minute book notation that a guardian was notified but did not appear. The public defender argued that appellant made no affirmative allegation that the record was incorrect. Therefore, the public defender argues, the record is presumptively correct, and the court properly denied the motion. We disagree with the reasoning. Appellant alleged in his motion that his parents or guardian were not notified. Since the record stated differently, impliedly appellant was asserting that the record was incorrect.
In a pro se brief, appellant urges as grounds for reversal that the record did not contain tangible proof, such as a return receipt, that his parent or guardian received notice of the 1964 proceeding, in accordance with § 925.07, Fla.Stat. However, we need not consider the adequacy of any notice sent to the parents or guardian in 1964. As the Supreme Court ruled in Pitts v. State, 88 Fla. 438, 102 So. 554 (1924), formal service of notice to the parent or guardian is not required when the record shows that the parent or guardian had actual notice. The record in the instant case shows that Willie Hamilton, appellant’s uncle, was present in court with appellant when appellant pled guilty in 1962. The record thus conclusively shows that Hamilton had actual notice of the charges against appellant.
*1256 Once the parent or guardian has received due notice, further notice may not be required. In Falagon v. State, 186 So.2d 804 (Fla. 4 DCA 1966), due notice was given to defendant Falagon’s parents prior to Fal-agon entering a plea of guilty. His parents were present in court with him on plea day. That judgment and sentence were later vacated, and a new trial was granted on right to counsel grounds. Falagon thereafter appeared in court with court appointed counsel, again entered a plea of guilty, and was adjudged guilty and sentenced. He then filed a 3.850 motion to vacate that second judgment and sentence, alleging that his parents were not notified of the second arraignment, plea, judgment, and sentence. The court found that the purpose of § 932.-38, Fla.Stat. (now § 925.07, Fla.Stat.), is to “furnish a safeguard to unmarried minors accused of crime in order that such minor’s parents may have the opportunity to come to the assistance of the accused minor.” The court in Falagon held that after notice is properly given, “the minor may be arraigned, tried, convicted, or sentenced at any time after a reasonable period from the notice including second or successive proceedings on the same charges without any further notice.” In the Falagon case, four years had intervened between the time the notice was given and the second arraignment and plea. The court found the beneficial purpose of the statute had been satisfied since the parents had been notified of the charges and had had ample opportunity to exercise the safeguards the statute encourages. Likewise, in the instant case, we find that the beneficial purpose of § 925.07 was satisfied since the record shows appellant’s uncle, Willie Hamilton, possessed actual notice of the charges against appellant.
AFFIRMED.
McCORD, C. J., and SMITH and MELVIN, JJ., concur.